STATE

*vs.*

CARMINE F. RUSSO.

Cumberland.     Opinion Sept. 21, 1928.

314

*Ralph M. Ingalls*, County Attorney,
*Franz U. Burkett*, Assistant County Attorney, for the State.
*Henry C. Sullivan*, for respondent.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, PAT-
TANGALL, JJ.

PATTANGALL, J. On exceptions. Respondent was indicted and
arraigned on a charge of breaking and entering in the night-time
and larceny. He plead not guilty. Trial followed and, after a
nolle prosequi had been entered as to the breaking and entering,
was found guilty of larceny.

At the close of the State's case, respondent waived his right to
introduce evidence and moved for a directed verdict. The mo-
tion was denied and exceptions taken. Exceptions were also taken
to certain instructions given to the jury.

Respondent was accused of having stolen electric clippers from
a barber shop. The clippers were hanging, in their usual place,
on the wall, when the shop was locked at night and in the morning
were missing. There was nothing to indicate the manner in which
the building had been entered and the proprietor had never seen
respondent until they met at the police station some two weeks
after the clippers were taken.

A police inspector, having been notified of the theft, interviewed
respondent who, after some questioning on the officer's part, asked
what would happen if the clippers were returned. Following this
conversation, respondent returned to his house accompanied by
the inspector and another officer, walked down the cellar stairs,
nearly to the last step, reached up under some part of the floor,
pulled out the clippers wrapped in a newspaper and gave them to
the inspector.

On these facts, uncontroverted and unexplained, the presiding
justice very properly submitted the case to the jury. The motion
for a directed verdict was rightfully denied.

"In prosecutions for larceny, where the goods are proved to
have been stolen, it is a rule of law, that possession by the accused,
soon after they were stolen, raises a reasonable presumption of

guilt and unless the accused can account for that possession consistently with his innocence, will warrant his conviction. Such evidence is by no means conclusive and it is stronger or weaker as the possession is more or less recent." *State* v. *Merrick*, 19 Me., 400; *Beloit* v. *State*, 36 Miss., 96; *Garcia* v. *State*, 26 Texas, 209, 17 R. C. L., 72. Possession is not limited to actual custody about the person. It may be of things elsewhere but under the control of the person. It may be in any place where it is manifest that it must have been put by the act of the party or his undoubted concurrence. *State* v. *Johnson* (N. C.), 86 Am. Dec., 434, and authorities cited.

The instructions given to the jury were based upon the foregoing. Respondent insists that he was aggrieved in that, in stating the law, no reference was made to the importance of the element of the length of time which elapsed between the theft and the finding of the stolen goods. It is true, as stated above, that the more recent the finding the stronger the presumption but it is difficult to perceive how the respondent could be aggrieved by failure to emphasize that phase of the law when but two weeks had intervened between the theft and the discovery of the goods in respondent's possession. The time was fixed. It was obviously recent. The less said about it the better if respondent desired to escape punishment for the offence which the evidence submitted sufficiently proved him to have committed.

*Exceptions overruled.*