STATE OF MAINE *vs.* HERSEY WRIGHT.

Franklin.        Opinion December 16, 1929.

*Carll N. Fenderson*, County Attorney for State.
*Frank A. Morey*, for respondent.

SITTING : DEASY, C. J., DUNN, STURGIS, PATTANGALL, FARRINGTON, JJ.

STURGIS, J. The respondent was indicted for manslaughter. At the trial, the prosecution relied upon involuntary manslaughter and offered evidence to prove that the respondent, while on a hunting trip, negligently shot the deceased as he rode by on horseback.

Criminality is not predicated upon mere negligence necessary to impose civil liability but upon that degree of negligence or carelessness which is denominated gross or culpable. *State* v. *Pond*, 125 Me., 453 ; *Fitzgerald* v. *State*, 112 Ala., 39 ; *People* v. *Adams*, 289 Ill., 339, 345 ; *Com.* v. *Pierce*, 138 Mass., 165 ; *Aiken* v. *Street Railway*, 184 Mass., 271 ; *State* v. *Lester*, 127 Minn., 285 ; *State* v. *Rountree*, 181 N. C., 538 ; *People* v. *Angelo*, 221 N. Y. S., 49 ; 45 Corpus Juris, 1372 ; 29 Id., 1154. In his charge to the jury, the presiding Justice inadvertently failed to observe this distinction be-

tween civil and criminal negligence, instructing the jury to measure the respondent's guilt by the rules of negligence applicable only to civil cases. The jury were bound by these instructions, *State* v. *Stevens*, 53 Me., 548, and must be presumed to have followed them.

After verdict, counsel for the respondent moved for a new trial on the ground, among others, that the verdict was against the law. The motion was denied by the presiding Justice and an appeal taken to the Law Court under R. S., Chap. 136, Sec. 28. No exception to this erroneous instruction was reserved.

In our practice, in civil cases, errors of law are not as a general rule open to review on a motion for a new trial directed to this court. The same general rule applies to statutory appeals in criminal cases. The appropriate practice is to present such errors to this court in a Bill of Exceptions, and a departure from this practice is not to be encouraged.

In civil cases, however, an exception to this general rule has been recognized, and where, and only where, manifest error in law has occurred in the trial of cases and injustice would otherwise inevitably result, the law of the case may be examined upon a motion for a new trial on the ground that the verdict is against the law, and the verdict, if clearly wrong, set aside. *Pierce* v. *Rodliff*, 95 Me., 346, 348 ; *Simonds* v. *Maine T. & T. Co.*, 104 Me., 440, 443.

The same exception must be recognized in the review of criminal appeals. In this state the principles applicable to the review of civil trials on a general motion govern appeals in criminal cases. *State* v. *Dodge*, 124 Me., 243, 245 ; *State* v. *Stain et al*, 82 Me., 472, 489. And so in its review of criminal appeals, where the single question considered under the appeal was whether the verdict was against the evidence, this court has repeatedly ruled that the only question there to be determined was whether, in view of all the testimony in the case, the jury were warranted in believing beyond a reasonable doubt, and therefore in finding, that the respondent was guilty of the crime charged against him, *State* v. *Lambert*, 97 Me., 51 ; *State* v. *Mulkerrin*, 112 Me., 544 ; *State* v. *Howard*, 117 Me., 69 ; *State* v. *Pond*, supra ; *State* v. *Dodge*, supra.

In the instant case, however, this review is not limited to the single question of whether the verdict is against the evidence as in the cases last cited. That question, on this record, we do not and

can not determine. We are here concerned with a verdict based on a misconception of the law and responsive only to a measure of criminal guilt foreign to the indictment and unknown to the law. Such a verdict is against the law, and to allow it to stand is not justice. The rule of exception, adopted in *Pierce* v. *Rodliff* and *Simonds* v. *Maine T. & T. Co.*, both supra, can, without conflict with the opinions in *State* v. *Lambert* and affirming cases cited, be here applied. That it should be, is clear.

Without a consideration of the Bill of Exceptions or the sufficiency of the evidence to sustain the charge laid in the indictment, the entry is,

*Appeal sustained.*