**STATE**

v.

**Michael B. McCARTHY.**

Supreme Judicial Court of Maine.

Sept. 4, 1969.

Daniel G. Lilley and Peter T. Dawson, Asst. Attys. Gen., for plaintiff.

Wallace A. Bilodeau, and George W. Perkins, Skowhegan, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE ` and WEATHERBEE, JJ.

WILLIAMSON, Chief Justice.

On appeal. The defendant was tried and found guilty of murder by a jury in the Somerset Superior Court at the September 1968 term. Judgment was entered on the verdict and the defendant was sentenced to imprisonment for life. At the close of the evidence, the Court denied defendant's motion for acquittal.

The points of appeal are: "1. The verdict was against the greater weight of the evidence; 2. The verdict was against the law; and 3. There were prejudicial errors in the Instructions to the Jury."

The first issue is whether the jury was warranted on the basis of all the evidence in believing beyond a reasonable doubt that the defendant was guilty of murder. State v. MacDonald (Me.) 229 A.2d 321; State v. Wardwell, 158 Me. 307, 323, 183 A.2d 896; State v. Duguay, 158 Me. 61, 73, 178 A.2d 129; State v. Cox, 138 Me. 151, 155, 23 A.2d 634; State v. Wright, 128 Me. 404, 406, 148 A. 141.

The evidence fully warranted the following findings:

■ On the evening of April 18, 1968 the defendant offered to drive the victim, Oliver Scott Goeman, and Brian Provost, boys about 16 years of age, to the latter's home from a bowling alley parking area in Skowhegan, a distance of about two miles. While they were proceeding in defendant's car, the defendant, about 20 years of age, stopped the car, shot Oliver with one pistol, and then shot him a second time with another pistol causing his death. The defendant dragged his victim through a field and over a fence some 70 feet from the road.

These facts alone spell murder.

"Whoever unlawfully kills a human being with malice aforethought, either expressed or implied, is guilty of murder and shall be punished by imprisonment for life." 17 M.R.S.A. § 2651.

Evidence of express malice is not present. The State established implied malice to the satisfaction of the jury.

"When the fact of killing is proved and nothing further is shown, the presumption of law is that it is malicious and an act of murder. State v. Knight, 43 Me. 11; State v. Neal, 37 Me. 468; State v. Turmel, 148 Me. 1, 88 A.2d 367; Common-wealth v. York, 9 Metc., Mass. 93; Commonwealth v. Webster, 5 Cush[ing], Mass. 295." State v. Arsenault, 152 Me. 121, 126, 124 A.2d 741, 743.

On the issue of self defense, the defendant testified in substance that the deceased, sitting by the car door with Brian in the middle, grabbed the defendant's shoulder and made a remark; that he was angered and then in fear; that "I imagine. he was trying to start a fight." He was questioned about the second shot:

"Q. Not fearing the second time that he was going to fight with you because you just shot him once?

"A. I shot him because he was moaning and I didn't know how badly he was hit. I didn't know but he might get up and try something else.

"Q. And you weren't going to take any chances?

"A. Well, I was pretty scared. As I said, I just took a shot at him."

Statements to a police officer shortly after the killing were consistent with his testimony.

Brian Provost testified that there had been some talk about "his motor wasn't running very good, * * *"; that the defendant came to a stop and shot Oliver twice; that he ran for the police; and that he remembered no conversation between Oliver and the defendant.

■ The evidence of the defendant on self defense if taken at its face, which of course the jury was not required to do, falls far short of establishing the fact. There was no evidence of a situation in which a killing would be justified on the ground of self defense.

On the second and third issues we find no error warranting a new trial.

Acting on defendant's request for clarification made at the close of the charge, the

Court again addressed the jury. No objections were thereafter taken to the completed charge.

The defendant at trial did not comply with M.R.Crim.P., Rule 30(b), reading in part:

"No party shall assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection."

State v. Boisvert (Me.) 236 A.2d 419, 422.

■ The complaint of the defendant with reference to the instructions must therefore be dismissed unless there were errors bringing the appeal within M.R.Crim. P., Rule 52(b), reading:

"*Obvious Error*. Obvious errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

Under the new criminal rules, in the absence of objections, as under the old procedure, in the absence of exceptions, "where, and only where, manifest error in law has occurred in the trial of cases and injustice would otherwise inevitably result, the law of the case may be examined upon a motion for a new trial on the ground that the verdict is against the law, and the verdict, if clearly wrong, set aside." State v. Wright, supra, 128 Me. at p. 406, 148 A. at p. 142; State v. Greenlaw, 159 Me. 141, 150, 189 A.2d 370.

The defendant argues, necessarily under the "manifest error" rule, that instructions pertaining to the definition of manslaughter were erroneous in part, to quote from defendant's brief, "by the absence in the court's instructions of any reference to the application the jury was to make of the evidence."

We are fully satisfied that the instructions by the Court were in no way mislead-ing to the jury. The Court explained with care and precision the elements of murder and manslaughter, including in particular the element of implied malice.

The objection now raised by the defendant appears to be largely that the Court spoke of the reduction of murder to manslaughter. For example, the Court said: "The requirements of the statute which reduce unlawful homicide from murder to manslaughter are 3 in number, and I shall attempt to articulate them for you in proper order."

The Court continued with a discussion of heat of passion, sudden provocation, and the absence of malice, express or implied. In short, he explained the difference between murder and manslaughter.

In one instance the Court said, "the offense in that case is not mitigated from murder to manslaughter," and at least twice he spoke of reduction from murder to manslaughter.

■ There is no objection, in our view, to the use of the concept of reduction in comparing murder with manslaughter. The crime of murder includes manslaughter. Collins v. Robbins, 147 Me. 163, 170, 84 A.2d 536. It is common knowledge that persons on trial for murder are often found guilty of the lesser crime of manslaughter.

■ The descriptive word "reduction" has been used for over a century in our opinions, "or under such circumstances as would reduce the offence [murder] to manslaughter." State v. Conley, 39 Me. 78, 88 (1854). In the leading case of State v. Knight, 43 Me. 11, 137 (1857), instructions were approved stating "and if the accused would reduce the crime below the degree of murder * * *." Recently we have said, "Reducing the offense to manslaughter" and "compels the reduction of homicide from murder to manslaughter." State v. Park, 159 Me. 328, 333, 334, 193 A.2d 1, 4.

The instructions did not place on the defendant any burden of proving manslaughter and not murder. The Court clearly stated the law in these words:

"I must say to you that when you consider the crime of manslaughter, the Defendant does not have to prove the absence of malice aforethought. It is for the State to prove in the first instance, in murder, the existence of malice aforethought. Then, if you find with all that I have said, that there is no malice aforethought and murder is not present, then you consider whether the crime of manslaughter was committed, and the State must prove that crime and the elements that I have given to you of that crime beyond a reasonable doubt. The burden of proof does not fall upon the Defendant at any time in any criminal case."

The jury was told that it should arrive at its verdict only after consideration of the entire evidence. There was no error, as suggested by the defendant, in not stating the source of the evidence, that is, whether it was offered by the State or by the defendant.

■ The contention that undue stress was placed on the voluntariness of admissions by the defendant, in light of the absence of any objection by the defendant and in light of his own testimony, is without weight. The Court was under no obligation to charge that the admissions could aid the defendant in his explanation of the homicide and in reducing the offense to manslaughter. It was sufficient that the Court instruct the jury on the admissibility of the statements of the defendant into the pool of evidence from which the jury would determine the facts.

The entry will be

Appeal denied.

TAPLEY, J., sat at argument but retired before the opinion was adopted.