**STATE of Maine**

v.

**Fred O'CLAIR.**

Supreme Judicial Court of Maine.

Sept. 24, 1969.

**840**

John L. Merrill, County Atty., Skowhegan, for plaintiff.

George A. Wathen, Augusta, for defendant.

Before WILLIAMSON, C. J., and WEBBER, MARDEN, DUFRESNE, and WEATHERBEE, JJ.

WEBBER, Justice.

The appellant was by jury verdict convicted of the offense of larceny of a tractor. No witness saw the tractor being stolen by the respondent. The State was forced to rely, as is frequently the case, on proof of the theft by a person or persons unknown followed by unexplained possession of the stolen property by defendant. In such a case the State is aided by a presumption. State v. Russo (1928) 127 Me. 313, 143 A. 99; State v. Barrett, Me., 256 A.2d 666 (Opinion September 5, 1969). We find the evidence in support of these two main prongs of the State's case adequate to support the jury verdict but are compelled to reverse for reasons which will be made apparent.

■ The Statement of Points of Appeal includes the following:

"(4) The Court erred in instructing the jury that the Defendant had the burden of proof to explain possession of the allegedly stolen tractor."

No objection was noted to the instructions given with respect to burden of proof and this failure to call such alleged error seasonably to the attention of the Justice below would be fatal to defendant's present contention, were it not for the effect of M.R.Crim.P., Rule 52(b). The rule states:

"(b) Obvious Error. Obvious errors or defects *affecting substantial rights* may be noticed although they were not brought to the attention of the court." (Emphasis supplied.)

The rule is consonant with the spirit expressed in such cases as State v. Smith (1944) 140 Me. 255, 285, 37 A.2d 246; State v. Wright (1929) 128 Me. 404, 406, 148 A. 141, 142 (wherein it was stated the error would be noted "where, and only where, manifest error in law has occurred in the trial of cases and injustice would otherwise inevitably result"); State v. Mottram (1959) 155 Me. 394, 404, 156 A.2d 383; State v. Greenlaw (1963) 159 Me. 141, 150, 189 A.2d 370, 375 ("it may have misled the jury."); and State v. White (Me.1966) 217 A.2d 212, 213 ("justice requires"). We have repeatedly expressed our reluctance to order a new trial where error is alleged for the first time before this Court on appeal and will do so only where such error is of serious consequence "affecting substantial rights" and amounting to manifest injustice.

■■ In the instant case the Justice below properly and necessarily undertook to instruct the jury with respect to the presumption of guilt which is raised by law from the fact of defendant's possession of the stolen property "soon after the alleged taking." He explained accurately the elements which the State must prove beyond a reasonable doubt in order to raise the presumption. He properly described the presumption as "rebuttable" and contrasted it with an "absolute" presumption. He made it clear that the effect of the presumption is to shift to the defendant the "burden of going forward with evidence * * * to explain his possession consistent with his innocence." He informed the jury that when such evidence is offered and satisfies the jury, the presumption "disappears." This portion of the instructions accurately described the procedural use of rebuttable presumptions in this jurisdiction as announced in Hinds v. John Hancock Ins. Co. (1959) 155 Me. 349, 363,

364, 155 A.2d 721, 85 A.L.R.2d 703. In the course of his instructions, however, the Justice below used two expressions which created the danger that the jury might misapply the rule. At one point, speaking of the effect of the presumption if not effectively rebutted, he stated that the "law creates a conclusion for you which says you *must* find him guilty, * * *." (Emphasis ours.) And later, referring to the effect of disappearance of the presumption, he added that when that occurred, "you are *no longer required* to reach a conclusion of guilty." (Emphasis ours). One of the earliest Maine cases to recognize the presumption raised on proof of defendant's possession of the stolen property was State v. Merrick (1841) 19 Me. 398, 401. The Court noted that failure of the defendant to account for his possession consistently with his innocence will "justify" his conviction. But the Court then stated, "It was in our judgment too strong, to instruct the jury, that they *must* convict the accused, unless he had proved to their reasonable satisfaction, that he came by the sheep otherwise than by stealing." (Emphasis supplied.) This observation is equally valid today. In short, failure of the defendant to offer a satisfactory explanation will *permit* but does not *compel* a finding of guilt.

At the close of the initial charge to the jury, the State's attorney made this request for additional instructions:

"I have one in regard to the defendant's burden in rebutting the presumption of a larceny. The defendant would only need to do it by *a fair preponderance* as opposed to any—." (Emphasis ours.)

His statement was interrupted by colloquy at the close of which the Court gave additional instructions, no objection thereto being voiced on behalf of the defendant. In the course of these instructions the Justice below stated:

"The burden that the defendant has to rebut that presumption is not the same burden that the State has to prove; that

is, a defendant when he's called upon to prove anything in a criminal case only has a burden of proving it by the preponderance of the evidence or the greater weight of the evidence. Now this is a lesser burden, a lesser substantive burden than that of proof beyond a reasonable doubt. The greater weight of the evidence, the fair preponderance of the evidence is exactly that. * * * Does the scale that contains the evidence that explains this—consistent with his innocence—does that weigh a little bit more? Do the scales tip? * * * Of course, if the scales remain in balance and don't tip ever so slightly in the defendant's favor, he has not met his burden and obviously, if the scales tip in favor of an unexplained possession, then also the defendant has not met the burden. * * * You will apply the burden of proof required of the defendant to prove this by the standard I have just given you."

■ This instruction placed upon the defendant a *burden of proof* which he was never required to assume. It would have been a correct statement of the law if applied to an affirmative defense but constituted error when applied to a situation stemming from the procedural effect of a presumption. This distinction is not new to the law in Maine. As long ago as 1846 when the Court in State v. Flye, 26 Me. 312, 317, 320, was dealing with the effect of the presumption of alteration of an instrument, the distinction was clearly made. The Court said, "The prosecuting party is bound to make out his case; in civil proceedings to the satisfaction of the jury, and in criminal, beyond a reasonable doubt. The burthen of proof does not shift from the party upon whom it was originally thrown upon the production of evidence by him, sufficient to make out a *prima facie* case. But when the other party relies upon facts to establish another and a distinct proposition, without attempting to impugn the truth of the evidence against him, it is otherwise." In that case the trial

judge erroneously charged in effect that the presumption cast the *burden of proof* on the defendant to negative alteration, and exceptions were sustained.

In cases involving *affirmative defenses* our Court has consistently held that defendant in a criminal as well as in a civil case has at the outset and throughout the trial the burden of proving such defense by the fair preponderance of the evidence. State v. Lawrence (1870) 57 Me. 574, 583, 584 (proof of insanity); State v. Park (1963) 159 Me. 328, 337, 193 A.2d 1 (affirming the Lawrence rule after statutory adoption of Durham Rule); State v. Quigley (1938) 135 Me. 435, 199 A. 269 (voluntary intoxication to negative specific intent) and State v. Rowe (Me.1968) 238 A.2d 217, 222 (proving statutory exceptions). Where, however, a presumption is raised and has the effect of shifting, not the *burden of proof*, but merely the *burden of going forward with evidence*, the procedural effect is described in Hinds v. John Hancock Ins. Co., supra. Therein we adopted "a single procedural rule that a disputable presumption persists until the contrary evidence persuades the factfinder that the balance of probabilities is in equilibrium, or, stated otherwise, until the evidence satisfies the jury or factfinder that it is as probable that the presumed fact does not exist as that it does exist." We said further, "Such a rule gives to the presumption itself maximum coercive force short of *shifting the burden of persuasion.*" Hinds was a civil case. We need only add that in a criminal case the *burden of proof or persuasion* is on the State throughout and never shifts. That burden is to prove guilt upon the whole evidence beyond a reasonable doubt. The fact that the State may be aided by a presumption raised by law upon proof of certain preliminary facts does not change the burden of proof. The presumption may cast upon the defendant the burden of going forward with evidence adequate to produce the disappearance of the presumption but it does not require him to negative the presumed fact by a fair preponderance or the greater weight of the evidence. Such is his burden only when he introduces into the case an independent and affirmative defense.

We deem the instructions which we have discussed at length to be so prejudicial to the defendant as to require a new trial. Other issues raised on appeal are without merit and need not be further considered.

Appeal sustained.

New trial ordered.

TAPLEY, J., was present at the argument but retired before rendition of decision.