434 A.2d 1182

**COMMONWEALTH of Pennsylvania**

**v.**

**David LEE, Petitioner.**

Supreme Court of Pennsylvania.

Sept. 24, 1981.

462

Richard A. Ash, Philadelphia, for petitioner.

Robert B. Lawler, Chief, Appeals Unit, Philadelphia, for respondent.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, KAUFFMAN and WILKINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

This matter involves orders of probation imposed on convictions of forgery, 18 Pa.C.S. § 4101(a)(3) (uttering), and theft by receiving stolen property, 18 Pa.C.S. § 3925. At issue is the proper grading of the theft offense, as well as the propriety of the length of the probationary term imposed on the theft offense.

### I

On July 8, 1977, a vehicle belonging to Harry Clauss was stolen from Clauss's driveway. Inside the stolen vehicle was a checkbook issued to Clauss by Pennsylvania National Bank. The checkbook contained a number of blank checks. Upon the return of the vehicle, Clauss discovered that his checkbook was missing.

On the same day as the theft, petitioner presented a check to a teller at a branch office of Pennsylvania National. The check, bearing the purported signature of Harry Clauss, was made payable to petitioner in the amount of $89. The teller determined that the purported signature did not correspond with the bank's signature card. After petitioner gave conflicting explanations to the teller and the bank manager, petitioner was arrested by a police officer on the bank's premises.

Petitioner was charged with two counts of forgery and one count of misdemeanor-of-the-second-degree theft by receiving stolen property. The information containing the counts of forgery stated a violation of 18 Pa.C.S. § 4101(a)(2), which proscribes unauthorized writing, as well as 18 Pa.C.S. § 4101(a)(3), which proscribes the utterance of any writing which is known to be forged. The information charging theft listed the property involved as one checkbook and checks, having a value of $89.

At a non-jury trial, the Commonwealth abandoned any effort to establish that petitioner had written on the check which he had attempted to cash. Clauss testified for the Commonwealth that his checkbook had been stolen, that he had not signed the check which petitioner had attempted to cash, and that he had not authorized anyone else to sign the check. Also testifying for the Commonwealth was the bank teller. The teller described petitioner's efforts to cash the check, including his giving of conflicting explanations for his possession of the check. According to the teller, petitioner first claimed that he had performed roofing work for Clauss at Clauss's home, then claimed that he had performed exterminating work, and finally claimed that he had performed both jobs. The teller also stated that petitioner had not been able to give the correct location of Clauss's home.

Petitioner took the stand and claimed that he had been given the check made payable in the amount of $89 for a suit which he had sold to "a friend of a friend." Petitioner confirmed portions of the bank teller's testimony relating to petitioner's explanation for possession of the check, but attributed the explanations to his nervousness over his inability to have the check cashed. Despite a mid-trial continuance specifically granted to allow petitioner to secure the testimony of a claimed witness to the transaction at which petitioner allegedly obtained the check, petitioner failed to produce the witness.

The court found petitioner guilty on a single count of forgery and on the count of misdemeanor-of-the-second-degree theft by receiving stolen property. Concurrent probationary terms of three years were imposed. The Superior Court affirmed, and this petition followed.

## II

■ There can be no question that the evidence supports the factfinder's determinations of guilt. The factfinder could reasonably conclude both that petitioner uttered a writing which he knew had been forged, and that petitioner received the check in question knowing that it had been stolen.

The sole question relating to the convictions, then, is the proper grading of the receiving stolen property conviction. 18 Pa.C.S. § 3903 (Grading of theft offenses) provides that, if the amount of the property involved is $200 or more, the theft is graded a misdemeanor of the first degree. If the amount is $50 or more, but less than $200, the theft is graded a misdemeanor of the second degree. If the amount is less than $50, the theft is graded a misdemeanor of the third degree. Because the checks were blank at the time they had been stolen from Clauss's vehicle, petitioner contends that the checks had no value, and thus the theft cannot be more than a misdemeanor of the third degree.

■ Petitioner's focus upon the condition of the check at the time it was taken from Clauss's vehicle is misplaced. Pursuant to 18 Pa.C.S. § 3903(c) (Valuation), the value of property is ascertained as of "the time and place of the crime. . . ." Here the crime charged is not the initial taking of the check. Rather, it is the receipt of the check after it had initially been taken. By his own testimony petitioner admitted that the check had been made payable in the amount of $89 at the time he had received it. The factfinder could properly choose to believe this portion of petitioner's testimony, and reject the rest. See, e. g., *Commonwealth v. Rose*, 463 Pa. 264, 268, 344 A.2d 824, 826 (1975).

■ Apparently relying upon general principles of commercial law, petitioner contends that a forged check is not a legal claim to money and, hence, of no value. This argument cannot be squared with the language of the statute controlling the grading of thefts, which specifically addresses checks and other written instruments. 18 Pa.C.S. § 3903(c)(2) provides:

"Whether or not they have been issued or delivered, certain written instruments, not including those having a readily ascertainable market value such as some public and corporate bonds and securities, shall be evaluated as follows:

(i) the value of an instrument constituting an evidence of debt, such as a check, draft or promissory note, shall be

deemed the amount due or collectible thereon or thereby, such figure ordinarily being the face amount of the indebtedness less any portion thereof which has been satisfied."

\* \* \* \* \* \*

This language convinces us that the legislative effort generally to tailor punishment according to the amount of property which the offender seeks to claim applies with equal force to forged checks. As the amount of the hoped-for gain from the forgery increases, so too the punishment. Thus the factfinder here could properly grade petitioner's theft by receiving stolen property as a misdemeanor of the second degree.

### III

■ Although petitioner's efforts to disturb the convictions and their grades cannot prevail, it is obvious that the trial court exceeded its jurisdiction by imposing an impermissible penalty. See also *Commonwealth v. Houtz,* 496 Pa. ——, 437 A.2d 385 (filed this day). *Commonwealth v. Hertzog,* 492 Pa. 632, 425 A.2d 329 (1981). Misdemeanor-of-the-second-degree theft by receiving stolen property is punishable by no more than two years' imprisonment. 18 Pa.C.S. § 1104(2). Although petitioner received a term of probation for this offense, probationary terms "may not exceed the maximum term for which the defendant could be confined...." 42 Pa.C.S. § 9754(a), formerly 18 Pa.C.S. § 1354(a). Thus the three year probationary term imposed on an offense punishable by no more than two years' imprisonment cannot stand. See *Commonwealth v. White,* 232 Pa.Super. 176, 335 A.2d 436 (1975).

Petition for allowance of appeal granted, order of the Superior Court reversed insofar as it affirms the order of three years' probation imposed on the theft by receiving stolen property conviction, order of probation on theft by receiving stolen property vacated, and record remanded to the Court of Common Pleas of Philadelphia for proceedings

on the theft conviction consistent with this opinion. Order of probation imposed on forgery is not disturbed.