452 A.2d 851

**COMMONWEALTH of Pennsylvania**

v.

**Martin I. ASKIN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 3, 1982.

Filed Nov. 19, 1982.

Petition for Allowance of Appeal Granted April 14, 1983.

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Stuart M. Niemtzow, Deputy Attorney General, Norristown, for Commonwealth, appellee.

Before HESTER, CIRILLO and JOHNSON, JJ.

CIRILLO, Judge:

This is an appeal from the Judgment of Sentence of the Court of Common Pleas of Philadelphia County, whereby the appellant, Martin Askin, was sentenced to terms of imprisonment of not less than 4 months nor more than 23 months and a concurrent term of 5 years probation.

The Commonwealth's evidence reveals that the appellant, a pharmacist, was the principal operator of the 817 Medical Center from May, 1975 until December, 1977, along with Joseph Martorano, a pharmacist and administrator, and Jesse Gutman, a dentist. During that period, the Commonwealth was billed for Medicaid reimbursements based upon invoices on which the three co-defendants had signed, without authorization, the names of John Taweel and Norman Weiss, two doctors who had worked briefly at the Medical Center. The invoices did not apply to services provided by dentists or pharmacists.

On February 6, 1980, following a grand jury investigation, the appellant was arrested on numerous criminal charges. After several pre-trial motions were disposed of, the matter proceeded to trial on February 9, 1981 before the Honorable Alfred DiBona, Jr., sitting without a jury. The appellant

was charged with 11 counts of Forgery[1] and one count of Conspiracy,[2] and on February 20, 1981 he was found guilty on all counts. The appellant filed post-trial motions which, after argument, were denied by Judge DiBona. On July 1, 1981 the appellant was sentenced to 10 concurrent terms of 4 to 23 months imprisonment, and terms of 5 years and 3 years probation to be served concurrently with the prison sentence. This appeal now follows.

The appellant contends, on appeal, that the trial court erred in convicting him of conspiracy as the applicable period of limitations had expired. Time limitations for the prosecution of offenses are provided for under 18 Pa.C.S.A. § 108(b) as follows:

(b) Other offenses.—Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:

(1) A prosecution for any of the following offenses under this code must be commenced within five years after it is committed:

Section 3123 (relating to involuntary deviate sexual intercourse)

Section 3301 (relating to arson and related offenses)

Section 3502 (relating to burglary)

Section 3701 (relating to robbery)

Section 4101 (relating to forgery)

Section 4902 (relating to perjury)

(2) A prosecution for any other offense under this code must be commenced within two years after it is committed.

The Bills of Information on which the Commonwealth proceeded to trial averred actions that occurred between July 21, 1975 and June 3, 1976. Clearly, the prosecution for forgery was timely commenced. The appellant asserts, how-

1. Act of December 6, 1972, P.L. 1482, No. 334, § 1; 18 Pa.C.S.A. § 4101.

2. Id.; as amended by the Act of April 28, 1978, P.L. 202, No. 53, § 7(2); 18 Pa.C.S.A. § 903.

ever, that since conspiracy is not specifically listed in section 108(b)(1), it falls within the provision of section 108(b)(2) and, therefore, an action must be commenced within 2 years after the conspiracy is committed, or it is barred.

In *Commonwealth v. Eakles,* 286 Pa.Super. 146, 428 A.2d 614 (1981), the appellant was found guilty of multiple counts of forgery and theft by unlawful taking, and one count of conspiracy arising out of a scheme to defraud a governmental agency. The trial court subsequently arrested judgment on the convictions for theft by unlawful taking. This Court affirmed the lower court's ruling as well as the sentences imposed for the conviction of forgery and conspiracy, even though more than 2 years passed between the time of the criminal act and the filing of the Complaint. Likewise, in *Commonwealth v. Hawkins,* 294 Pa.Super. 57, 439 A.2d 748 (1982), the appellant was convicted by a jury of multiple counts of theft by deception, receiving stolen property and securing execution of documents by deception, and one count of criminal conspiracy. This Court affirmed the appellant's convictions on all counts of theft by deception and securing execution of documents by deception, and the one count of conspiracy. Again, as in *Eakles,* these charges also took place more than two years before the filing of the criminal Complaint.

These decisions make it clear that the crime of conspiracy does not carry with it a two-year statute of limitations, but rather carries with it the same statute of limitations as the most serious crime for which the defendant could be properly convicted. Indeed, such an outcome coincides with legislative intent, as expressed in 18 Pa.C.S.A. § 905(a):

(a) Grading.—Except as otherwise provided in this section, attempt, solicitation and conspiracy are crimes of the same grade and degree as the most serious offense which is attempted or solicited or is an object of the conspiracy. An attempt, solicitation or conspiracy to commit murder or a felony of the first degree is a felony of the second degree.

■ Thus, in this instance, the statute of limitations for conspiracy was five years, the same period of limitations as for forgery. We therefore find this contention of the appellant to be without merit as the period for prosecuting the charge of conspiracy had not yet expired.

The appellant also contends that the trial court erred by allowing the Commonwealth to introduce evidence of other activity not charged in the Bills of Information. Although, generally, evidence of the commission of offenses not charged in the information is not admissible, there are exceptions where the acts not charged tend to show, inter alia, motive, intent, malice, identity, or a common plan, scheme, or design. *Commonwealth v. Styles,* 494 Pa. 524, 431 A.2d 978 (1981); *Commonwealth v. Stanley,* 484 Pa. 2, 398 A.2d 631 (1979).

■ The theory of the Commonwealth's case was that the appellant and his co-defendants saw patients and submitted thousands of invoices for Medicaid reimbursement, both for services purportedly rendered and for prescriptions purportedly dispensed, even though there was no licensed physician on the premises. The appellant avers that testimony elicited by the Commonwealth, indicating that controlled substances were being sold, essentially to drug addicts, was irrelevant and highly prejudicial. However, the type of treatment and the type of drugs prescribed was quite relevant to a determination of the motivation of the co-conspirators. All of their activity allowed the trial judge to infer that the motivation of the co-defendants for this scheme was to obtain substantial sums of money to which they were not entitled. Therefore, evidence of other activity not charged in the information was properly admitted, and the trial court did not err in this instance.

■ Additionally, when the court sits alone as the finder of fact, it is well-settled that the trial judge must be presumed to be able to disregard inflammatory evidence, and to consider evidence only for the legitimate purpose for which it is elicited. *Commonwealth v. Davis,* 491 Pa. 363,

421 A.2d 179 (1980); *Commonwealth v. Wright,* 234 Pa.Super. 83, 339 A.2d 103 (1975). Consequently, even if the testimony regarding activity not charged in the information was somewhat prejudicial, the trial judge could attribute to the testimony its proper weight, hence negating any deleterious effect.

Accordingly, we affirm the Judgment of Sentence of the Court below.

Judgment of sentence affirmed.

JOHNSON, J., files a dissenting opinion.

JOHNSON, Judge, dissenting:

I most respectfully dissent. The majority affirms Appellant's judgment of sentence on convictions for eleven counts of forgery[1] and one count of criminal conspiracy.[2] Although I agree with the majority that the trial court did not err in permitting the introduction of evidence of other criminal activity, I disagree with their determination on the issue of the statute of limitations for conspiracy.

The majority disposes of Appellant's first issue by determining that the statute of limitations for criminal conspiracy is not two years, but that criminal conspiracy carries with it the limitations period of the most serious crime for which Appellant could be properly convicted, in this case forgery.

The record indicates that a complaint, pursuant to a grand jury presentment, was filed on February 6, 1980. The information filed pursuant to the count of criminal conspiracy states the crimes were committed "... on or about July 21, 1975 and on divers dates up to and including June 3, 1976 ..." It is clear from these facts that the charges were not brought within two years.

1. 18 Pa.C.S.A. § 4101.

2. *Id.,* § 903.

The limitations statute on criminal prosecutions, 18 Pa.C. S.A. § 108,[3] states in part:

(b) **Other Offenses.**—Except as otherwise provided in this section, prosecutions for other offenses are subject to the following periods of limitation:

(1) A prosecution for any of the following offenses under this code must be commenced within five years after it is committed:

Section 3123 (relating to involuntary deviate sexual intercourse)

Section 3301 (relating to arson and related offenses)

Section 3502 (relating to burglary)

Section 3701 (relating to robbery)

Section 4101 (relating to forgery)

Section 4902 (relating to perjury)

(2) A prosecution for any other offense under this code must be commenced within two years after it is committed.

Clearly, as criminal conspiracy is not enumerated in the list of crimes having a five year limitations period, subsection (b)(2) must apply. Also, although it is clear that where conspiracy is the crime charged, it is considered to be a continuing offense, *Commonwealth v. Volk,* 298 Pa.Super. 294, 444 A.2d 1182 (1982), it is also clear that conspiracy must be prosecuted within *two years* after the commission of the last offense, *Commonwealth v. Volk, supra; see also Commonwealth v. Kirk,* 340 Pa. 346, 17 A.2d 195 (1941); *Commonwealth v. Fabrizio,* 197 Pa.Super. 45, 176 A.2d 142 (1961).

The majority cites two recent cases for support of their determination. In neither *Commonwealth v. Hawkins,* 294 Pa.Super. 57, 439 A.2d 748 (1982), nor *Commonwealth v. Eackles,* 286 Pa.Super. 146, 428 A.2d 614 (1981) was this court presented with the issue raised in the instant case. Therefore, I must disagree with the majority that these

**3.** 18 Pa.C.S.A. § 108 was reenacted in 42 Pa.C.S.A. § 5552, effective June 27, 1978.

cases make clear that conspiracy does not carry with it a two-year statute of limitations. In fact, as stated in *Commonwealth v. Hawkins, id.*, 294 Pa.Superior Ct. at 61, 439 A.2d at 749; "[t]he general statute of limitations applicable to the charges upon which Appellant was convicted is two years. 18 Pa.C.S.A. § 108(b)(2)."

I further disagree that the grading provisions of 18 Pa.C. S.A. § 905(a) provide any legislative intent concerning the statute of limitations. Section 905(a) merely states, in part, that conspiracy is a crime of the same *grade and degree* as the most serious offense which is an object of the conspiracy.

Finally, because neither fraud nor breach of fiduciary obligation is a material element of the offense of conspiracy, the exceptions to the two year limitations period, as found in 18 Pa.C.S.A. § 108(c)[4] do not apply, as proof of fraud is not essential to a conviction for conspiracy.[5] *See Commonwealth v. Hawkins, supra.*

Appellant further alleges that since the conspiracy conviction is invalid, the convictions for forgery based on invoices signed by Appellant's co-defendant must also be discharged. Appellant argues that without a valid conspiracy bill, the Commonwealth cannot sustain a forgery conviction based on

---

**4.** 18 Pa.C.S.A. § 108(c) states:

(c) Exceptions.—If the period prescribed in subsection (b) of this section has expired, a prosecution may nevertheless be commenced for:

(1) Any offense a material element of which is either fraud or a breach of fiduciary obligation within one year after discovery of the offense by an aggrieved party or by a person who has legal duty to represent an aggrieved party and who is himself not a party to the offense, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years.

(2) Any offense committed by a public officer or employee in the course of or in connection with his office or employment at any time when the defendant is in public office or employment or within two years thereafter, but in no case shall this paragraph extend the period of limitation otherwise applicable by more than three years.

**5.** The information did allege, as required for the exception to be valid, that fraud was a material element of the crime. *See Commonwealth v. Eackles, supra.*

items signed by someone other than Appellant only by alleging and proving accomplice liability. The information for forgery charges Appellant with all subsections of section 4101:

(a) **Offense *defined:*** —A person is guilty of forgery if, with intent to defraud or injure anyone, or with knowledge that he is facilitating a fraud or injury to be perpetrated by anyone, the actor:

(1) alters any writing of another without his authority;

(2) makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or

(3) utters any writing which he knows to be forged in a manner specified in paragraphs (1) or (2) of this subsection.

I find Appellant's argument meritless for two reasons. First, as Appellant was charged with subsection (3), he can be found guilty of forgery if, with intent or the requisite knowledge, he *utters* a writing which he knows to be forged. Therefore, the actor need not actually *sign* a writing to be guilty under this statute. *See Commonwealth v. Lee,* 495 Pa. 461, 434 A.2d 1182 (1981). Also, in *Commonwealth v. Perkins,* 485 Pa. 286, 401 A.2d 1320 (1979) (3–3 decision), now Chief Justice O'BRIEN stated in his OPINION IN SUPPORT OF AFFIRMANCE that one can be convicted as an accessory though only charged as a principal under the Crimes Code, as well as under the old Penal Code. I therefore find no merit to the argument that the forgery convictions based on invoices not signed by Appellant must also be reversed.

In summary, I would reverse Appellant's judgment of sentence on the conspiracy conviction and affirm the judgment of sentence on the forgery conviction.