STATE of Maine

v.

Timothy P. WORK.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 5, 1991.
Decided Oct. 22, 1991.

William R. Anderson, Dist. Atty., Geoffrey Rushlau, Asst. Dist. Atty., Bath, for state.

Orrin Brown, Bath, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

Timothy P. Work appeals from the judgment of the Superior Court (Sagadahoc County, *Delahanty, C.J.*) entered on a jury verdict finding Work guilty of a Class B offense of theft in violation of 17–A M.R.S.A. § 353 (1983).[1] We disagree with Work's contention that the evidence was insufficient to support the jury verdict, and we affirm the judgment.

The jury heard the following evidence. At about 2:20 a.m. in Bath, Officer Joel Merry, after stopping a truck that he suspected of motor vehicle violations, observed that the trailer behind the truck appeared brand new and had some sort of "sliding deck," which he later discovered was a second new trailer. On top of the trailers was a blue snowmobile. Work was one of several passengers in the truck. While

---

1. 17–A M.R.S.A. § 353(1) provides, in pertinent part:

 1. A *person* is guilty of theft if he obtains or exercises unauthorized control over the property of another with intent to deprive him thereof

A theft of property exceeding $5,000 is a Class B crime. 17–A M.R.S.A. § 362(2)(A) (1983).

attempting to obtain identification from the driver, Officer Merry was confronted with resistance from the truck's passengers and nearby residents. During the confrontation, one of the truck's passengers drove off with Officer Merry's vehicle. When Officer Merry radioed for back-up assistance, the driver with Work drove towards the Bay Bridge trailer park, but reappeared within a brief period of time without the trailers and snowmobile. The police found the trailers and snowmobile in a parking lot along Bay Bridge Road, as well as a number of metal sheets. The trailers and snowmobile were owned by Sealand. The metal sheets, owned by Bath Iron Works, had been stored in a facility located on the same premises as Sealand. The trailers and snowmobile were valued at $4,990, while the metal sheets were valued at $1,600. The jury found Work guilty of a Class B theft, and Work appeals.

 Work contends that because he was a passenger in the truck, the State failed to prove that he had exclusive possession of the stolen property.[2] He also contends that because Officer Merry had never seen the metal sheets in the truck in which Work was a passenger, the State failed to establish that the property in issue had a value in excess of $5,000. We disagree. The law is well established that circumstantial evidence is no less conclusive than direct evidence in supporting a conviction. *State v. Kenney*, 534 A.2d 681, 682 (Me.1987). To be convicted of theft based on circumstantial evidence requires proof of exclusive possession, either actual or constructive, of the stolen property. *State v. Durgan*, 467 A.2d 165, 167 (Me. 1983). To prove exclusive possession the State need not prove the accused had *sole* possession of recently stolen property. *Id.* We have previously stated that "joint possession of stolen property by two or more persons may be deemed the exclusive possession of any one of them where there is evidence that the defendant 'acted in concert' with the other person or persons in possession of the property as a 'participant

in the crime.'" *State v. Bachelder*, 403 A.2d 754, 761 (Me.1979) (quoting *State v. Gove*, 289 A.2d 679, 681 (Me.1972)). An inference of guilt may be drawn when recently stolen goods have been placed in a location "by the act of the party or [with] his undoubted concurrence." *State v. Barrett*, 256 A.2d 666, 668 (Me.1969) (quoting *State v. Russo*, 127 Me. 313, 315, 143 A. 99, 100 (1928)).

 In this case, the evidence established Work's constructive possession of the stolen snowmobile, trailers and sheet metal. Officer Merry discovered Work and others at an early morning hour towing two brand new trailers and a new snowmobile. Work was in the truck during the flight from the police officer and after the truck reappeared subsequent to the disposition of the property seen by Officer Merry. Although Officer Merry did not actually see the metal sheets when he initially stopped the truck, there was testimony by Officer Baker, deputy sheriff of Sagadahoc County, that when he and Officer Merry found the metal sheets a number of them were hanging halfway off the trailers and the others were in direct proximity to the trailers. The metal sheets were identified as property taken from the same premises as the trailers and snowmobile at approximately the same time. Given the totality of the evidence, the jury rationally could conclude that Work had exclusive possession of all the stolen property, *State v. Gove*, 289 A.2d at 681, and that the value of the property exceeded the $5,000 amount required for a Class B theft.

The entry is:

Judgment affirmed.

All concurring.

---

**2.** 17–A M.R.S.A. § 361(2) (1983) provides, in pertinent part, that proof that the defendant was in exclusive possession of recently stolen property gives rise to a presumption that the defendant is guilty of the theft.