1998 ME 21

**STATE of Maine**

v.

**Marcellus MARTINES.**

Supreme Judicial Court of Maine.

Submitted on Briefs Jan. 8, 1998.

Decided Jan. 27, 1998.

Stephanie Anderson, District Attorney, Anne Berlind, Asst. Dist. Atty., Portland, for State.

Karen A. Dostaler, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, CLIFFORD, RUDMAN, DANA, LIPEZ, and SAUFLEY, JJ.

RUDMAN, Justice.

[¶ 1] Marcellus Martines appeals from the judgment entered in the Superior Court (Cumberland County, *Fritzsche, J.*) following a jury trial in which he was found guilty of forgery pursuant to 17–A M.R.S.A. § 703(B) (1983 & Supp 1997), Class C, and of receiving stolen property pursuant to 17–A M.R.S.A. § 359 (1983), Class C. Martines contends that his conviction for receiving stolen property should be vacated on the grounds that the trial court erred by allowing the jury to consider a Class C classification of theft and by refusing to allow the jury to consider the charge of attempted theft. We affirm the judgment.

[¶ 2] Martines was arrested when he attempted to negotiate a check in the amount of $2,800 with a forged signature. At his trial, Martines objected to the court's instruction that the jury could find the stolen check to be worth an amount over $2,000 and thereby find Martines guilty of Class C theft. He also objected to the court's failure to instruct the jury on Class D attempted theft arguing that at best the evidence supported an attempt to steal.

 [¶ 3] Section 359 of Title 17–A M.R.S.A. provides:

1. A person is guilty of theft, if he receives, retains or disposes of the property of another knowing that it has been stolen, or believing that it has probably been stolen, with the intention to deprive the owner thereof.

The criminal code classifies all theft offenses for sentencing purposes according to the value of the property or services stolen. 17–A M.R.S.A. § 362(3) (Supp.1997) ("Theft is a Class C crime if: A. The value of the property or services is more than $2,000 but not more than $10,000 ..."). The fair market value of the property at the time and the place of the crime is the standard for assessing the value of the stolen property for the purposes of determining the classification of the crime. *State v. Lavigne*, 588 A.2d 741, 742 (Me.1991). Section 352(5)(B) of Title 17–A M.R.S.A. further provides:

> [t]he value of a written instrument which does not have a readily ascertainable market value shall, in the case of an instrument such as a check, draft or promissory note be deemed the amount due or collectible thereon....

■ [¶ 4] In holding that the trial court did not err by instructing the jury on Class C theft, we adopt the reasoning of the Pennsylvania Supreme Court who, in considering a statutory provision similar to ours, stated:

> This language convinces us that the legislative effort generally to tailor punishment according to the amount of property which the offender seeks to claim applies with equal force to forged checks. As the amount of the hoped-for gain from the forgery increases, so too the punishment.

*Commonwealth v. Lee*, 495 Pa. 461, 434 A.2d 1182, 1184 (1981).

■ [¶ 5] Martines further contends that because he only attempted to steal $2,800 by means of attempting to cash a forged check, the jury should have been allowed to consider a charge of attempted theft. Martines was charged with receiving stolen property pursuant to 17–A M.R.S.A. § 359—a crime which was completed upon his possession of the forged check with the requisite intent. A jury instruction as to attempted theft of the proceeds was therefore inappropriate and the court did not err in refusing to allow the jury to consider such a charge.

The entry is:

Judgment affirmed.