2009 ME 61

**STATE of Maine**

v.

**Gina BRUZZESE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 30, 2009.

Decided: June 18, 2009.

Stephanie Anderson, Dist. Atty., Julia Sheridan, Asst. Dist. Atty., Portland, ME, for the State.

Thomas A. Dyhrberg, Esq., South Portland, ME, for Gina Bruzzese.

Panel: SAUFLEY, C.J., and CLIFFORD, ALEXANDER, LEVY, SILVER, and MEAD, JJ.

SAUFLEY, C.J.

[¶ 1] Gina Bruzzese appeals from a judgment of conviction of theft of property having a value of more than $1,000 but not more than $10,000 (Class C), 17–A M.R.S. § 353(1)(B)(4) (2008), entered in the Superior Court (Cumberland County, *Warren, J.*) upon a jury verdict. Although Bruzzese raises several issues concerning the admission of certain evidence and the propriety of the court's jury instructions, we discuss only one question: whether the evidence presented at trial was sufficient for the jury to find beyond a reasonable doubt that Bruzzese took items worth more than $1,000. Because we conclude that the evidence was sufficient to support the conviction and that there was no other error, we affirm the judgment.

## I. BACKGROUND

[¶ 2] Viewing the evidence in the light most favorable to the State, the jury could rationally have found the following facts

beyond a reasonable doubt. *See State v. Bickart,* 2009 ME 7, ¶ 46, 963 A.2d 183, 195. In early 2007, Gina Bruzzese had access to her friend Janessa Solari's home because she was storing some of her belongings there and stopped by periodically to pick things up, sometimes when Solari was not at home. Bruzzese also spent at least one night in Solari's home as a guest.

[¶ 3] In March or April 2007, Solari noticed that three pieces of her jewelry were missing: a sapphire ring that she had owned since she was young, an emerald ring that her daughters had purchased for her in 2005 for $99.99, and a gold necklace with a pendant that she had received from a friend. Later, she discovered that three other items were missing: a black gold bracelet, a gold rope chain, and a platinum ring that she had purchased in 2005 for more than $4,200.

[¶ 4] Solari's emerald ring surfaced when Bruzzese gave the ring to her boyfriend Charles Breen's mother as an early Mother's Day gift in March 2007. About two months later, Bruzzese asked Breen and Breen's daughter to help her sell other pieces of jewelry: rope chains, rings, bracelets, and a pendant. At least some of this jewelry was Solari's. The chain was broken off from Solari's pendant, and Bruzzese had Breen's daughter sell it with two other jewelry items for $82 at Maine Gold and Silver. Breen's daughter also sold a gold rope chain there for Bruzzese for $66. Because Maine Gold and Silver would not take the pendant, the three visited other jewelry stores and pawnshops until Breen and his daughter finally sold the pendant at Jimi's Trading Center for $70. Only after selling the items did Breen and his daughter learn that the jewelry had been stolen.

[¶ 5] Breen later called Solari and asked her to meet him in Windham because he wanted to tell her about her missing jewelry. On July 9, 2007, Solari and two friends of hers picked Breen up in Windham. While in the car, Breen called Bruzzese and put her on speakerphone. During the conversation, Bruzzese admitted that she had taken "all that stuff" and threatened retaliation if Breen told Solari about what Bruzzese had stolen.

[¶ 6] At some point after Solari got home, Breen and Bruzzese arrived in Solari's driveway, where they fought with one another. Solari and a passing motorist each called the police. When the police arrived, Solari reported that her jewelry had been stolen and shared all the information she knew.

[¶ 7] Bruzzese was charged by indictment with theft by unauthorized taking or transfer (Class C), 17–A M.R.S. § 353(1)(B)(4), for obtaining unauthorized control of jewelry owned by Solari that had a value of more than $1,000 but not more than $10,000. Bruzzese pleaded not guilty and proceeded to a jury trial.

[¶ 8] The jury returned a verdict finding Bruzzese guilty of Class C theft of property worth more than $1,000 but not more than $10,000. *See* 17–A M.R.S. § 353(1)(B)(4). The court sentenced Bruzzese to two years in jail with all but eight months suspended and two years of probation. The court also imposed a twenty-five-dollar assessment and ordered Bruzzese to pay $3,000 in restitution to Solari at twenty-five dollars per month beginning on June 15, 2009. Bruzzese appealed from the judgment.

## II. DISCUSSION

■ [¶ 9] Bruzzese concedes that the record contains evidence adequate to support her conviction for theft of the pendant and chain, the emerald ring, and the rope chain. She contends, however, that the record fails to establish value in excess of

$1,000 for those items and that there was no evidence demonstrating that she had possession of any of the other items that were missing from Solari's home. Accordingly, Bruzzese argues that the jury could not rationally have found that the theft was a Class C theft of items having a value of more than $1,000.

■ [¶ 10] We review whether evidence is sufficient to support a conviction by viewing that evidence in the light most favorable to the State to determine whether the fact-finder could rationally have found each essential element of the crime beyond a reasonable doubt. *Bickart*, 2009 ME 7, ¶ 46, 963 A.2d at 195; *State v. Tai*, 629 A.2d 594, 595 (Me.1993). In Maine, the value of the property taken is an element that determines the class of the crime of theft:

A person is guilty of theft if:

    **A.** The person obtains or exercises unauthorized control over the property of another with intent to deprive the other person of the property. Violation of this paragraph is a Class E crime;

    **B.** The person violates paragraph A and:

        **(1)** The value of the property is more than $10,000. Violation of this subparagraph is a Class B crime;

        . . . .

        **(4)** The value of the property is more than $1,000 but not more than $10,000. Violation of this subparagraph is a Class C crime; [or]

        **(5)** The value of the property is more than $500 but not more than $1,000. Violation of this subparagraph is a Class D crime. . . .

17–A M.R.S. § 353(1) (2008). Except in certain defined circumstances not present here, "value means the market value of the property or services at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property or services within a reasonable time after the crime." 17–A M.R.S. § 352(5)(A) (2008); *see also State v. Martines*, 1998 ME 21, ¶ 3, 705 A.2d 1116, 1117.

[¶ 11] To support her argument that the evidence was inadequate to establish guilt of Class C theft, Bruzzese analogizes the facts to *State v. Tai*, in which the evidence established only that the defendant was discovered sleeping on the floor of a van near the location of the crimes and that there was a stocking in the van that was similar to those worn by the perpetrators. 629 A.2d at 595. We stated in that case that "[p]resence at the scene of a crime, without anything more, does not prove guilt." *Id.* at 595–96.

[¶ 12] In the present case, however, the evidence establishes facts beyond Bruzzese's presence in Solari's home that are sufficient to support a reasonable inference of guilt of Class C theft. Specifically, in addition to evidence that Solari discovered that jewelry had gone missing after Bruzzese had had access to her home, the State presented evidence that Bruzzese had possession of the stolen emerald ring, pendant, necklace, and gold chain; that Bruzzese brought the pendant, necklace, gold chain, and other pieces of jewelry, *including rings*, to stores and pawn shops to sell them for cash; and that Solari had purchased her now missing platinum ring in 2005 for more than $4,200.

[¶ 13] Taking this evidence together, the jury could reasonably infer that one of the rings that Bruzzese was prepared to sell for cash was the platinum ring that Solari was missing. *Cf. State v. Work*, 603 A.2d 464, 465 (Me.1991) (affirming a conviction because circumstantial evidence that stolen goods were placed in a location

by a party's actions was adequate to establish exclusive possession of the stolen property). The jury could also reasonably infer that the stolen items had a collective market value of more than $1,000 based on the types of jewelry that were stolen, the age of each piece, and the purchase or sale prices of the items, including the platinum ring purchased for $4,200, the emerald ring purchased for $99, and the items Breen and his daughter helped Bruzzese sell for $218.

[¶ 14] Because we conclude that the evidence was sufficient for the jury rationally to find beyond a reasonable doubt that Bruzzese exercised unauthorized control over items worth more than $1,000 in value, and because we discern no other error, we affirm Bruzzese's conviction of Class C theft pursuant to 17–A M.R.S. § 353(1)(B)(4).

The entry is:

Judgment affirmed.