2009 ME 106

**STATE of Maine**

v.

**Corey L. TOWNSEND.**[1]

Supreme Judicial Court of Maine.

Submitted On Briefs: Sept. 30, 2009.

Decided: Oct. 27, 2009.

John A. Churchill, Esq., Calais, ME, for Corey L. Townsend.

Michael Povich, District Attorney, Paul Cavanaugh II, First Asst. Dist. Atty., Ellsworth, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, MEAD, GORMAN, and JABAR, JJ.

JABAR, J.

[¶ 1] Corey L. Townsend appeals from an order of adjudication of the juvenile crime of criminal threatening with a dangerous weapon (Class C), 17–A M.R.S. §§ 209, 1252(4) (2008), entered in the Juvenile Court[2] (Calais, *Romei, J.*), and affirmed on appeal by the Superior Court (Washington County, *Cuddy, J.*), *see* M.R.Crim. P. 36B. Townsend contends that the evidence is insufficient to establish that he committed that crime. We conclude that the evidence is sufficient to support Townsend's adjudication, and we affirm the judgment.

[¶ 2] Viewing the evidence in the light most favorable to the State, the court rationally could have found the following facts beyond a reasonable doubt. *See State v. Bickart,* 2009 ME 7, ¶ 46, 963 A.2d 183, 195.

[¶ 3] On the evening of August 19, 2007, a group of five young men from Princeton gathered in the parking lot of a

1. Because Townsend's juvenile crime would constitute a Class C crime if he were an adult, the record of this matter and the order of adjudication are open to public inspection. For that reason we refer to Townsend by his full name, rather than as "Corey T." *See* 15 M.R.S. §§ 3307(2)(A), 3308 (2008).

2. When exercising its exclusive original jurisdiction over juvenile petitions, the District Court is referred to as the Juvenile Court. 15 M.R.S. § 3101(1) (2008).

credit union in the neighboring town of Baileyville. While socializing, the youths noticed another larger group of people walking toward the parking lot. The approaching group, which consisted of approximately eight people, stopped about twenty feet from the youths. A few minutes later, Townsend pulled up in a vehicle and stopped to talk with the larger group. After a brief conversation, Townsend drove away.

[¶ 4] Townsend then drove to his brother's home. After entering his brother's house, Townsend returned to his vehicle and went back to the credit union parking lot. Townsend was followed by his brother and several other people in different vehicles. Townsend did not have any weapons; however, the people in his brother's car carried sticks and a metal instrument.

[¶ 5] Upon returning to the credit union parking lot, Townsend and approximately six other people from the vehicles joined the existing group, which surrounded the youths from Princeton. Several people in the large group held sticks or other blunt instruments, although Townsend did not.

[¶ 6] Soon thereafter, the group forced one of the boys from Princeton away from his friends and Townsend tackled him. During a fistfight between the two boys, the victim was also kicked in the eye. In an attempt to rescue the victim, another youth from Princeton was struck in the head and arm with a stick, suffering cuts and bruises. After several minutes of fighting, Townsend got back into his car and drove away. The rest of the crowd dispersed.

[¶ 7] After a trial, the court found Townsend guilty of criminal threatening with a dangerous weapon.[3] Because there was no evidence in the record that Townsend ever used a weapon during any portion of the incident, the court's decision rested on accomplice liability. *See* 17–A M.R.S. § 57(3) (2008).

[¶ 8] The court concluded that Townsend deliberately returned to the credit union with a group of people, some of whom he knew, or should have known, carried weapons. Furthermore, the court concluded that Townsend intentionally separated the victim from his friends with the knowledge that the victim would be afraid of being imminently struck by the weapons. Finally, the court found that Townsend orchestrated the altercation and failed to take steps to avoid the use of weapons once he had knowledge that they were brought to the scene. The court sentenced Townsend to one year of probation and thirty days at a juvenile detention facility, with all but five days suspended.

[¶ 9] Townsend appealed the conviction to the Superior Court pursuant to M.R.Crim. P. 36B. On appeal, the court affirmed the judgment, concluding that the trial court did not commit an error of law or abuse its discretion. The court further held that the record demonstrated beyond a reasonable doubt that Townsend "was involved in the mob response that brought others with weapons" to the scene. Townsend then brought this appeal.

[¶ 10] Decisions of the Superior Court on appeal from the Juvenile Court may be appealed to the Law Court in the same manner as appeals following a judgment of conviction of an adult in the Superior Court. 15 M.R.S. § 3407(2)(A), (C) (2008). When reviewing whether evidence is suffi-

---

**3.** Townsend was also found guilty of assault (Class D), 17–A M.R.S. § 207(1)(A) (2008), but does not appeal that conviction.

cient to support a conviction, we view the evidence in the light most favorable to the State "to determine whether the fact-finder could rationally have found each essential element of the crime beyond a reasonable doubt." *State v. Bruzzese*, 2009 ME 61, ¶ 10, 974 A.2d 311, 313. "The fact-finder is permitted to draw all reasonable inferences from the evidence, and exclusively decides the weight to be given to the evidence and the credibility to be afforded to the witness." *State v. Drewry*, 2008 ME 76, ¶ 32, 946 A.2d 981, 991 (quotation marks omitted).

[¶ 11] A person commits the crime of criminal threatening when he "intentionally or knowingly places another person in fear of imminent bodily injury." 17–A M.R.S. § 209(1). Criminal threatening is usually a Class D offense, but when the defendant uses a dangerous weapon, the crime is elevated to Class C. 17–A M.R.S. §§ 209(2), 1252(4).

[¶ 12] A juvenile may be adjudicated of criminal threatening with a dangerous weapon as an accomplice if, with the intent that the crime be committed, the juvenile (1) solicits another person to commit the crime, or (2) "aids or agrees to aid or attempts to aid" another in planning or committing the crime. 17–A M.R.S. § 57(3)(A). In addition, the juvenile will be guilty as an accomplice only if the commission of the crime was a foreseeable consequence of the juvenile's conduct. 17–A M.R.S. § 57(3)(A).

[¶ 13] Based on the record, we conclude that the State's evidence was sufficient to support Townsend's conviction. The Juvenile Court could rationally have believed that Townsend committed this crime because: (1) after briefly assessing the situation at the credit union parking lot, Townsend went to his brother's home; (2) when Townsend returned to the credit union, he was followed by several vehicles of people, some of whom he knew were carrying weapons or would soon learn carried weapons; (3) when Townsend tackled the victim, he knew the victim would be afraid of being struck by one of the weapons brought to the scene because the victim was surrounded; and (4) the victim's fear was a reasonably foreseeable consequence of the actions taken by Townsend.

The entry is:

Judgment affirmed.