2011 ME 65

**STATE of Maine**

v.

**Michael A. SKARBINSKI.**

Supreme Judicial Court of Maine.

Submitted on Briefs: April 27, 2011.

Decided: June 2, 2011.

William Maselli, Esq., Portland, ME, for Michael A. Skarbinski.

Gregg D. Bernstein, Asst. Atty. Gen., William J. Schneider, Attorney General, Darcy Mitchell, Student Atty., Office of the Attorney General, Augusta, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

PER CURIAM.

[¶ 1] Michael A. Skarbinski appeals from a judgment of conviction entered in the Superior Court (Cumberland County, *Beaudoin, J.*), following a jury trial, on one count of theft by deception (Class C), 17–A M.R.S. § 354(1)(A), (B)(4) (2010); two counts of criminal attempted theft by deception (Class D), 17–A M.R.S. §§ 152(1)(D), 354(1)(A), (B)(4) (2010); and three counts of making and subscribing false tax returns (Class D), 36 M.R.S. § 5333(1) (2010). All counts arise from Skarbinski filing requests for tax refunds claiming no taxable income for the years 2005, 2006, and 2007, when Skarbinski had received substantial income. The theft by deception charge relates to a refund that was paid. The attempted theft by deception charges relate to refund requests that were apparently not paid.

[¶ 2] We address Skarbinski's claims of error as follows:

[¶ 3] First, contrary to Skarbinski's contentions, the court did not err, much less commit prejudicial error, when it correctly instructed the jury on principles of tax law, *see United States v. Mikutowicz*, 365 F.3d 65, 70 (1st Cir.2004), and the

court's instructions did not infringe upon the jury's role as fact-finder. *See generally State v. Gantnier,* 2008 ME 40, ¶¶ 6, 13, 942 A.2d 1191, 1194, 1195 (reviewing instructions as a whole for prejudicial error when the objection to the instruction was preserved at trial); *accord State v. Dumond,* 2000 ME 95, ¶ 11, 751 A.2d 1014, 1017.

■ [¶ 4] Additionally, the court committed no error in instructing the jury that if Skarbinski believed the tax laws to be "unconstitutional, illegal, or disagreed with the law without an objectively reasonable good faith belief," his belief was not a defense to the charges. *See State v. Elliott,* 2010 ME 3, ¶ 22, 987 A.2d 513, 520 (reviewing instructions for obvious error when objection to the instructions unpreserved at trial); *State v. Greenleaf,* 2004 ME 149, ¶¶ 21–23, 863 A.2d 877, 882; *see also Cheek v. United States,* 498 U.S. 192, 202 n. 8, 204–06, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991) (holding that, unlike instances of misunderstanding, a good faith belief that federal income tax laws are unconstitutional or invalid, or a good faith disagreement with them, is not a defense to a willful failure to file tax returns or to evade taxes).

[¶ 5] Further, the State's closing argument was neither inflammatory nor did it improperly interject irrelevant issues into the case. Accordingly, the State committed no prosecutorial error and Skarbinski was not deprived of a fair trial. *See State v. Schmidt,* 2008 ME 151, ¶ 17, 957 A.2d 80, 85 (holding that a prosecutor may argue his analysis of the evidence at trial, may "attack credibility by analyzing the evidence and highlighting absurdities or discrepancies in a witness's testimony," and may, without engaging in prohibited argument, "appeal to the jury's common sense and experience" (quotation marks omitted)); *State v. Clark,* 2008 ME 136, ¶ 7, 954 A.2d 1066, 1068–69 (stating the standard of review).

■ [¶ 6] Finally, contrary to Skarbinski's contentions, viewing the evidence and all reasonable inferences that may be drawn therefrom in a light most favorable to the State, the jury could have found each element of the offenses charged beyond a reasonable doubt, and the evidence was sufficient to support the convictions.[1] *See State v. Tayman,* 2008 ME 177, ¶ 4, 960 A.2d 1151, 1153 (stating the standard of review); *State v. Tait,* 483 A.2d 745, 746 (Me.1984) (stating that issues of witness credibility are the jury's exclusive province and that we give great deference to the findings of a properly instructed jury acting on competent evidence); *see also* 36 M.R.S. § 5121 (2010); *Williams v. State Tax Assessor,* 2002 ME 172, ¶ 13, 812 A.2d 245, 248 ("Interpreting section 5121 to require the Assessor to accept the federal adjusted gross income figure *as reported* on the taxpayer's state return would contradict section 5121's express language in cases when that figure is contrary to federal law.").

The entry is:

Judgment affirmed.

___

1. We have considered Skarbinski's arguments, included in a separately-filed pro se brief, even though he failed to obtain leave of this Court file his brief. *See generally* M.R.App. P. 7.