2011 ME 83

**STATE of Maine**

v.

**Daniel K. MILNE.**

Supreme Judicial Court of Maine.

Submitted on Briefs: June 30, 2011.

Decided: Aug. 2, 2011.

Andrews Bruce Campbell, Esq., Andrews Bruce Campbell, P.A., Bowdoinham, ME, for Daniel Milne.

Geoffrey A. Rushlau, District Attorney, Patricia A. Mador, Asst. Dist. Atty., Bath, ME, for the State of Maine.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and GORMAN, JJ.

ALEXANDER, J.

[¶ 1] Daniel K. Milne appeals from the judgments entered by the Superior Court (Sagadahoc County, *R. Murray, J.*) following a jury-waived trial convicting him of eluding an officer (Class C), 29–A M.R.S. § 2414(3) (2010), and passing a roadblock (Class C), 29–A M.R.S. § 2414(4) (2010). Milne does not appeal judgments entered after the same trial convicting him of operating a motor vehicle after suspension (Class E), 29–A M.R.S. § 2412–A(1–A)(B) (2010), and driving to endanger (Class E), 29–A M.R.S. § 2413(1) (2010). Milne's only contention on appeal is that the evidence was insufficient to support the court's finding him guilty, beyond a reasonable doubt, of the charges of eluding an officer and passing a roadblock. After review of the record, we determine that the evidence was insufficient to support the conviction for passing a roadblock but was sufficient to support the conviction for eluding an officer.

## I. CASE HISTORY

[¶ 2] Upon review of the record when the issue is sufficiency of the evidence to support a conviction, we consider the evidence, and reasonable inferences that may be drawn from the evidence, in the light most favorable to the trial court's judgment to determine if the evidence supports the convictions beyond a reasonable doubt. *See State v. Skarbinski*, 2011 ME 65, ¶ 6, 21 A.3d 86, 87; *State v. Bruzzese*, 2009 ME 61, ¶ 2, 974 A.2d 311, 311–12. We state the evidence in the record from that perspective.

[¶ 3] On September 24, 2009, deputies from the Sagadahoc County Sheriff's Office responded to a call regarding an attempted burglary in Bowdoinham. The caller had confronted an intruder apparently attempting to enter a residence. When confronted, the intruder had left the property. The caller advised the Sheriff's Department that the intruder was driving a blue pickup truck and provided the license plate number.

[¶ 4] As a deputy was responding to the call in a marked cruiser with blue lights and siren activated, Milne, driving a blue pickup truck, passed the deputy driving in the opposite direction. The deputy turned his cruiser around and began pursuit of Milne with lights and siren still activated. As the deputy pursued Milne, he estimated his speed to be sixty-five miles per hour on a country road, dropping to forty-five miles per hour when Milne got into the built-up area of Bowdoinham. In town, witnesses observed Milne driving quickly through town, at one point driving across a lawn and then abruptly stopping, abandoning his pickup truck, and running into the woods.

[¶ 5] While Milne had been approaching town, another deputy, aware that Milne was approaching, parked his vehicle in the northbound travel lane of the roadway with his lights and siren activated. The second deputy remained in the cruiser; he made no hand signal and placed no signs or objects in the roadway indicating that vehicles should stop. Other vehicles driving behind the second deputy in the northbound lane stopped. When Milne, operating his vehicle in the southbound lane, came upon the cruiser in the northbound lane with its blue lights and siren activated, he continued past the cruiser and into town. The second deputy then turned his cruiser around and pursued Milne.

[¶ 6] While the deputies briefly lost sight of Milne's vehicle during their pursuit, citizens in town directed the deputies

to the woods where Milne had run after abandoning his truck. He was apprehended at that point.

[¶ 7] As a result of these incidents, Milne was ultimately indicted for a number of charges including burglary, some drug-related charges, and the four driving offenses for which he was convicted.

[¶ 8] Milne waived his right to a jury trial. After the bench trial, he was acquitted of the burglary and drug-related charges but convicted of the motor vehicle offenses. Milne then brought this appeal challenging the eluding an officer and passing a roadblock convictions.

## II. LEGAL ANALYSIS

### A. Eluding an Officer

■ [¶ 9] Pursuant to 29–A M.R.S. § 2414(3), a person commits the Class C crime of eluding an officer

if that person, after being requested or signaled to stop, attempts to elude a law enforcement officer by operating a motor vehicle at a reckless rate of speed that results in a high-speed chase between the operator's motor vehicle and a law enforcement vehicle using a blue light and siren.

[¶ 10] The record establishes, without much basis for dispute, that Milne was pursued, at various times, by two police officers, each in marked cruisers and using blue lights and sirens. The blue lights and siren constituted a signal to Milne to stop or at least to pull over when he was being followed by the police vehicles. Further, the evidence establishes that, during the pursuit, Milne was driving at or in excess of sixty-five miles per hour on rural country roads and forty-five miles per hour in town.[1] Considering the roads in question,

the record supports the court's determination that Milne drove at a reckless rate of speed and that the officers were engaged in a high-speed chase of Milne. There also can be no question that Milne was aware that he was being pursued and attempted to elude the officers, as evidenced by his driving quickly through town, leaving the road, driving across the lawn, and then abandoning his vehicle and fleeing into the woods. Accordingly, the State proved each element of the eluding charge beyond a reasonable doubt. Milne's conviction for eluding an officer is affirmed.

### B. Passing a Roadblock

■ [¶ 11] Pursuant to 29–A M.R.S. § 2414(1)(A), a "roadblock" is defined as "a vehicle, a physical barrier or other obstruction placed on a way at the direction of a law enforcement officer." Pursuant to 29–A M.R.S. § 2414(4), the Class C crime of passing a roadblock is committed if a person "without authorization, operates or attempts to operate a motor vehicle past a clearly identifiable police roadblock."

[¶ 12] The evidence regarding the roadblock is that the second deputy parked his cruiser, with blue lights and siren activated, in the northbound lane. There was no evidence that the deputy gave any other signal or indication that the parked vehicle was a police roadblock, and there was no physical barrier or other obstruction placed on or near the southbound roadway to indicate a roadblock. The deputy remained in his cruiser. As Milne, driving in the southbound lane, was approaching the second deputy's cruiser, there was no physical barrier or obstruction in the southbound lane and no evidence of any hand signal or other signal

---

1. Title 29–A M.R.S. § 2074(1)(C), (D) (2010) specifies that, where roads are not otherwise posted, the maximum speed in built-up portions of a town is twenty-five miles per hour, and the maximum speed on other roads is forty-five miles per hour.

given from the deputy, parked in the northbound lane, directing Milne to stop.

 [¶ 13] Not every police vehicle parked on a roadway, with blue lights and siren activated, constitutes a roadblock requiring all vehicles in an unobstructed opposite travel lane to stop.[2] Penal statutes must be strictly construed. *See State v. Dana*, 517 A.2d 719, 721 (Me.1986) (applying this rule of construction to a prior passing a roadblock statute, 29 M.R.S.A. § 2501–A(4) (Supp.1985)). Without more, and there was no evidence of anything more here, the law enforcement vehicle parked in the northbound travel lane, with its blue lights and siren activated, did not constitute a "clearly identifiable police roadblock" for vehicles operating in the unobstructed southbound lane. While vehicles operating in the southbound lane may have been obligated to pass with considerable caution, something Milne did not do in the course of committing the eluding an officer offense, there was no "clearly identifiable police roadblock," pursuant to 29–A M.R.S. § 2414(4), requiring vehicles in the southbound lane to stop. Accordingly, the available evidence in the record is insufficient to support a finding, beyond a reasonable doubt, that Milne committed the offense of passing a roadblock. Accordingly, Milne's conviction for passing a roadblock is vacated.

The entry is:

Judgment of conviction for passing a roadblock vacated. In all other respects, the judgments are affirmed. Remanded for reconsideration of sentence, if the trial court deems such appropriate, in light of the vacated conviction.

2. Title 29–A M.R.S. § 2054(4) (2010) requires that when a moving emergency vehicle, with lights and siren activated, is approaching another vehicle, the operator of the other vehicle must pull to the right-hand curb and bring the vehicle to a "standstill" until the emergency vehicle has passed. The second deputy's vehicle was not moving when the deputy was attempting to create a roadblock.