MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:     2017 ME 49
Docket:       Ken-16-89
Argued:       November 10, 2016
Decided:      March 16, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

WALTER H. RENFRO

SAUFLEY, C.J.

[¶1]  Walter H. Renfro appeals from a judgment of conviction entered by the trial court (Kennebec County, *Benson, J.*) after a jury found him guilty of operating under the influence (Class B), 29-A M.R.S. § 2411(1-A)(D)(2) (2016).[1]  Renfro argues that the trial court abused its discretion in excluding, pursuant to M.R. Evid. 403, the finding of an administrative hearing examiner that Renfro's Intoxilyzer test results were unreliable due to improper pre-test observation by police.[2]  We conclude that the court did not abuse its discretion and affirm the judgment.

---

[1]  Title 29-A M.R.S. § 2411(1-A)(D)(2) (2016) includes a revision, made after the time of the crime, that corrected a statutory cross-reference.  *See* R.R. 2015, ch. 2, § 18.

[2]  Renfro also argues that the court abused its discretion in denying his motion for mistrial through which he challenged prosecutorial closing arguments as impermissibly shifting the burden of proof to him.  We discern no abuse of discretion or prejudice to Renfro, especially given the

## I. BACKGROUND

[¶2]  "When the evidence is viewed in the light most favorable to the State, the jury was entitled to find the following facts beyond a reasonable doubt."  *State v. Kendall*, 2016 ME 147, ¶ 2, 148 A.3d 1230.  On November 1, 2013, at about 10:45 p.m., an officer of the Waterville Police Department and a police trainee stopped a vehicle driven by Walter Renfro in a residential area of Waterville after the tires of the vehicle squealed upon acceleration up a hill. The vehicle almost struck the curb while making a right turn before pulling to the side of the road.

[¶3]  When observed after the stop, Renfro exhibited multiple indicia of intoxication, which the officer further confirmed through field sobriety tests. The officer and trainee took Renfro into custody and drove him to the Waterville Police Department, where the officer administered an Intoxilyzer test.  The Intoxilyzer returned a result of 0.17 grams of alcohol per 210 liters of breath.

[¶4]  Renfro was ultimately charged by indictment with both operating under the influence, 29-A M.R.S. § 2411(1-A)(D)(2), and operating beyond a

---

court's complete and accurate jury instructions.  *See State v. Frisbee*, 2016 ME 83, ¶ 12, 140 A.3d 1230; *State v. McBreairty*, 2016 ME 61, ¶ 25, 137 A.3d 1012; *State v. Lowe*, 2015 ME 124, ¶ 20, 124 A.3d 156.

license condition or restriction (Class E), 29-A M.R.S. § 1251(1)(B) (2016). Although he moved to suppress evidence obtained as a result of the traffic stop and moved in limine to exclude the Intoxilyzer results as unreliable, the court (*Mullen, J.*) denied the motions after an evidentiary hearing.

[¶5]  The State moved in limine to exclude as irrelevant any evidence of an administrative hearing held by a hearing examiner for the Department of the Secretary of State, including the examiner's decision to rescind Renfro's license suspension due to the arresting officer's failure to observe Renfro properly during the fifteen minutes before he administered the Intoxilyzer test.  *See* 29-A M.R.S. § 2485(1) (2016).  Renfro moved in limine to admit the hearing results.  Those motions were not decided before trial.

[¶6]  The court (*Benson, J.*) held a jury trial in December 2015 on the OUI charge after Renfro waived his right to a jury trial on the count for operating beyond a license condition or restriction.  The State offered testimony from the officer who arrested Renfro and showed the jury a video recording of Renfro's Intoxilyzer testing.

[¶7]  In addition to other efforts to challenge the officer's credibility, Renfro sought to cross-examine the officer about the hearing examiner's decision rescinding Renfro's license suspension.  The court did not allow

Renfro to present evidence of the outcome of the administrative hearing because it found that, although the evidence was relevant, the probative value of the hearing examiner's decision was substantially outweighed by the risk of unfair prejudice. *See* M.R. Evid. 403. The trial court explicitly noted that the jury would be tempted to substitute the judgment of the hearing examiner for the jury's own independent judgment. Renfro was allowed to cross-examine the officer about how he had been "criticized" for his observation-period practices in another proceeding, and Renfro was allowed to play a video of the same officer, three or four days after he had been "criticized," more closely observing another test subject before she blew into the Intoxilyzer.

[¶8] The jury found Renfro guilty of OUI, and the court found him not guilty of operating beyond a license condition or restriction. After a sentencing hearing, and based on Renfro's stipulation to his previous conviction of "a Class B or Class C crime under this section," 29-A M.R.S. § 2411(1-A)(D)(2), the court sentenced Renfro to five years in prison, with all but 18 months suspended, and three years of probation. *See id.* § 2411(5)(D-2). The court ordered him to pay fines, surcharges, and assessments totaling $2,585. *See id.* Renfro timely appealed. *See* 15 M.R.S. § 2115 (2016); M.R. App. P. 2.

## II. DISCUSSION

[¶9]  The Maine Rules of Evidence generally authorize the admission of relevant evidence.  *See* M.R. Evid. 402.[3]  The court determined that the hearing examiner's decision concerning the propriety of the breath testing procedures was relevant.  Although that determination could be subject to challenge, the State does not dispute that ruling.  Accordingly, we do not address relevance further.  *See* M.R. Evid. 401, 402.[4]  Instead, the question before us is whether the court abused its discretion in excluding that evidence because "its probative value [was] substantially outweighed by a danger of . . . unfair prejudice."  M.R. Evid. 403.  "Prejudice, in this context, means an undue tendency to move the fact finders to decide the issue on an improper basis . . . ."  *State v. Dean*, 589 A.2d 929, 934 (Me. 1991) (quotation marks omitted).

[¶10]  "The trial court has broad discretion in determining whether the probative value of evidence is outweighed by the risk of unfair prejudice . . . ."  *State v. Roman*, 622 A.2d 96, 100 (Me. 1993) (quotation marks omitted); *see* M.R. Evid. 403.  The court did not abuse that discretion in balancing any probative value of Renfro's proffered evidence against the significant risk of

---

[3]  "Evidence is relevant if: **(a)** It has any tendency to make a fact more or less probable than it would be without the evidence; and **(b)** The fact is of consequence in determining the action."  M.R. Evid. 401.

[4]  Nor do we address the potential hearsay implications of the proposed evidence.

unfair prejudice. The court recognized the real potential for the jury to substitute the decision of the hearing examiner—reached in a different context, based on a different standard of proof, and applying a relaxed evidentiary standard—for its own weighing of the evidence admitted in the criminal trial to determine whether the State proved the elements of OUI beyond a reasonable doubt. *Compare* 5 M.R.S. § 9057(2) (2016), *and* 29-A M.R.S. §§ 111, 2484(3) (2016) (collectively providing that the standard of proof for a license suspension hearing is proof by a preponderance of the evidence and that the hearing is not governed by the Maine Rules of Evidence), *with* 17-A M.R.S. § 32 (2016) (providing that the elements of a crime must be proved beyond a reasonable doubt), *and* M.R. Evid. 101(a) (providing that the Maine Rules of Evidence apply in court proceedings).

[¶11]  Furthermore, the "extent and scope of impeachment testimony lies within the limits of judicial discretion." *State v. Bennett*, 658 A.2d 1058, 1062 (Me. 1995) (quotation marks omitted). The court allowed Renfro to mount a thorough challenge to the officer's administration of the breath test, including by generously admitting a video of that officer's *later* practices after the officer was "criticized" for the way he had observed test subjects. Thus, although the court allowed the jury to hear evidence that the officer had been

"criticized" and changed his practices, it excluded evidence of the decision that generated that criticism to avert the risk that the jury would substitute the hearing examiner's decision for its own. For the same reasons that it did not abuse its discretion in applying Rule 403, the court did not abuse its discretion in limiting the scope of Renfro's impeachment evidence.

[¶12] Finally, by statute, criminal and administrative proceedings are insulated from each other: "The determination of facts by the Secretary of State is independent of the determination of the same or similar facts in an adjudication of civil or criminal charges arising out of the same occurrence." 29-A M.R.S. § 2485(4) (2016). The court might therefore have abused its discretion if it *had* admitted evidence of the hearing examiner's decision with such a strong potential to suggest to the jury that it should substitute another decision-maker's factual findings for its own. *Cf. United States v. MacDonald*, 688 F.2d 224, 229-30 (4th Cir. 1982), *cert. denied*, 459 U.S. 1103 (1983) (affirming the exclusion of a military investigation report as a public record because the credibility determinations could undermine the exclusive province of the jury to find the facts); *State v. Huston*, 825 N.W.2d 531, 539 (Iowa 2013) (vacating a judgment of conviction when the jury was given evidence of substantiation of child abuse by the Department of Human

Services). The court properly determined that the probative value was substantially outweighed by the danger of unfair prejudice. *See* M.R. Evid. 403.[5]

The entry is:

Judgment affirmed.

---

Scott F. Hess, Esq., (orally), The Law Office of Scott F. Hess, LLC, Augusta, for appellant Walter Renfro

Maeghan Maloney, District Attorney, Francis J. Griffin, Jr., Asst. Dist. Atty. (orally), and Ali F. Farid, Stud. Atty., Office of the District Attorney, Augusta, for appellee State of Maine

Kennebec County Superior Court docket number CR-2013-1039
FOR CLERK REFERENCE ONLY

---

[5] Renfro also contends that the evidence was admissible as evidence of subsequent remedial measures. *See* M.R. Evid. 407. Rule 403, however, authorizes the exclusion of evidence that is otherwise admissible, *see State v. Dean*, 589 A.2d 929, 934 (Me. 1991), and therefore our review of the Rule 403 ruling is dispositive here.