MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:     2017 ME 170
Docket:       Cum-16-509
Argued:       June 14, 2017
Decided:      August 1, 2017

Panel:        SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

YVONNE MICHAUD

SAUFLEY, C.J.

[¶1]  Yvonne Michaud drove her vehicle into the oncoming traffic lane on Route 302 in Westbrook in an attempt to pass several cars ahead of her. When she was unable to return to her own travel lane, her vehicle collided with an oncoming car head on, badly injuring that car's occupants.  She now appeals from the judgment of conviction entered by the court (Cumberland County, *Warren, J.*) after a jury found her guilty of two counts of aggravated assault (Class B), 17-A M.R.S. § 208(1)(B) (2016),[1] and two counts of aggravated driving to endanger (Class C), 29-A M.R.S. § 2413(1-A) (2016). Michaud argues that the court abused its discretion in admitting evidence of

---

[1]  Although section 208(1)(B) was amended after the time of the collision, it was not altered in substance, and we cite to the current version of the statute.  *See* P.L. 2015, ch. 358, § 1 (effective Oct. 15, 2015) (codified at 17-A M.R.S. § 208(1)(B) (2016)).

the victims' injuries when she was willing to stipulate that they had sustained serious bodily injuries and in denying her motion for a new trial based on prosecutorial misconduct. We affirm the judgment.

## I. BACKGROUND

[¶2] On August 6, 2015, at about 6:30 p.m., Michaud was driving westbound on Route 302 in Westbrook in a GMC sport utility vehicle when she decided to pass several cars in front of her. She pulled into the eastbound lane and, unable to return to her own lane, collided with a Ford Focus. The driver of the Focus and his passenger suffered serious injuries.

[¶3] In April 2016, Michaud was charged by indictment with two counts of aggravated assault and two counts of driving to endanger. She pleaded not guilty. Before the trial, she moved in limine to exclude evidence of the victims' injuries as irrelevant or of minimal probative value in comparison to the danger of unfair prejudice because she would stipulate that the victims suffered serious bodily injuries. *See* 17-A M.R.S. §§ 2(5), (23), 208(1)(B) (2016); 29-A M.R.S. § 2413(1-A); M.R. Evid. 402, 403. The court excluded certain photographs as duplicative or inflammatory but allowed others to be admitted. A jury trial was held in September 2016.

[¶4]   Defense counsel told the jury in his opening statement that Michaud would testify and admit that the victims suffered serious bodily injury.  The State initially declined to accept the stipulation that Michaud had offered in her motion in limine, and, during the trial, the State presented evidence of the extent of the victims' injuries through testimony and photographs.  The State's evidence also included testimony from a crash reconstructionist of the Westbrook Police Department and a forensic mapper.

[¶5]  Later in the trial, the State agreed to Michaud's stipulation that the victims had suffered serious bodily injury so that it would not need to present two doctors it had planned to call as witnesses.  Michaud testified on her own behalf.

[¶6]   The State and Michaud presented closing arguments.   In its rebuttal to Michaud's closing argument, the State made the following argument:

> And with regards to the crash reconstructionist, there is an old saying that science doesn't lie, doesn't lie and doesn't forget. What you heard with regards to the feet per second to the mileage, there is nothing that can change that from what [the forensic mapper] and [the crash reconstructionist] did scientifically when it came to the crash, the point of impact, the resting place. Defense counsel just tries to bring up a point that [the forensic mapper] said, yeah, it's possible.  That's not the standard.  That's not the standard.  It's beyond a reasonable doubt.  And science shows what happened that day.  Science

> shows that it was [the driver of the Focus] that was moving to the side, that there was little evidence that the defendant even made—tried to ditch her car. Look at the map.

Michaud did not object to that comment or to any other aspect of the State's closing argument.

[¶7] The jury found Michaud guilty of all charges. Michaud moved for a new trial, raising both of the issues now presented on appeal. The court denied Michaud's motion for a new trial. After a sentencing hearing, the court sentenced Michaud to two years in prison for each of the convictions, to run concurrently, with all but fourteen days suspended for all counts and one year of probation.[2] Michaud timely appealed from the judgment of conviction. *See* 15 M.R.S. § 2115 (2016); M.R. App. P. 2.

## II. DISCUSSION

A. Admission of Evidence of Injuries

[¶8] A court has the discretion to exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice." M.R. Evid. 403. For purposes of Rule 403, prejudice "means an undue tendency to move the fact finders to decide the issue on an improper basis." *State v. Renfro*, 2017 ME 49, ¶ 9, 157 A.3d 775 (quotation marks

---

[2] The court also imposed fines and surcharges of $1,150 and ordered Michaud to perform 500 hours of community service.

omitted). If the evidence has "minimal significance," for instance if "it is probative only of uncontroverted facts" or "its value is merely cumulative of other less prejudicial evidence," the court must examine the evidence closely to determine whether to admit it. *State v. Conner*, 434 A.2d 509, 512 (Me. 1981). We review the court's determination of relevance for clear error. *See State v. Kendall*, 2016 ME 147, ¶ 30, 148 A.3d 1230. The trial court's weighing of probative value against the danger of unfair prejudice is reviewed for an abuse of discretion. *State v. Sexton*, 2017 ME 65, ¶ 30, 159 A.3d 335.

[¶9] As the trial court noted, the State is not required to accept a stipulation from the defendant. The State must be allowed, within the rules and the bounds of justice, to present its entire case. *See Old Chief v. United States*, 519 U.S. 172, 186-89 (1997). Therefore, although Michaud offered to stipulate to the injuries before trial, the State was under no obligation to accept the stipulation.[3] It then became incumbent upon the court to assure that the probative value of the evidence offered by the State on the element of the victims' injuries was not substantially outweighed by the danger of unfair prejudice. *See* M.R. Evid. 403; *Conner*, 434 A.2d at 512.

---

[3] As the Supreme Court of the United States eloquently noted in *Old Chief v. United States*, "People who hear a story interrupted by gaps of abstraction may be puzzled at the missing chapters . . . . A convincing tale can be told with economy, but when economy becomes a break in the natural sequence of narrative evidence, an assurance that the missing link is really there is never more than second best." 519 U.S. 172, 189 (1997).

[¶10]    The trial court undertook that balancing assessment and excluded certain duplicative and inflammatory evidence of the victim's injuries but appropriately allowed the State to present some evidence to illustrate the nature and extent of the injuries that the victims suffered. The nature of the victims' injuries was probative both of the injury element of each charged crime, *see* 17-A M.R.S. §§ 2(5), (23), 208(1)(B); 29-A M.R.S. § 2413(1-A), *and* of whether Michaud was driving in a manner that was reckless, *see* 17-A M.R.S. §§ 35(3)(A), (C), 208(1)(B) (2016), or criminally negligent, *see* 17-A M.R.S. § 35(4)(A), (C) (2016); 29-A M.R.S. § 2413(1-A). The *results* of the crash, including the differing injuries suffered by the driver and passenger, were relevant and were probative of the nature of the collision and how it occurred. *See* M.R. Evid. 401, 403. The court did not abuse its discretion in determining that the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice to Michaud. *See Conner*, 434 A.2d at 512. Once the State accepted the stipulation, it ceased presenting evidence on the nature of the injuries and did not call the doctors to testify. The court did not err in its treatment of the evidence of the victims' injuries.

B.     Prosecutorial Misconduct

[¶11]  When a defendant raises an issue of prosecutorial misconduct through a motion for a new trial without having previously raised an objection before the jury reached its verdict, "we review the court's decision on the motion for a new trial for an abuse of discretion" but "review the effect of the challenged comments for obvious error affecting [the defendant]'s substantial rights." *State v. Daluz*, 2016 ME 102, ¶ 50, 143 A.3d 800.  Obvious error exists if there is "(1) an error, (2) that is plain, and (3) that affects substantial rights." *Id.* ¶ 51 (quotation marks omitted).  "If these conditions are met, we will exercise our discretion to notice an unpreserved error only if we also conclude that (4) the error seriously affects the fairness and integrity or public reputation of judicial proceedings." *Id.* (quotation marks omitted).

[¶12]  In making closing arguments, "ethical obligations require a prosecutor to avoid inviting a jury to make its decision based on bias, prejudice, conjecture, or any other impermissible basis." *State v. Dolloff*, 2012 ME 130, ¶ 40, 58 A.3d 1032.  A prosecutor may not employ "the authority or prestige of the prosecutor's office to shore up the credibility of a witness, sometimes called 'vouching,'" *id.* ¶ 42, and may not express "a

personal belief about [a] witness's overall credibility," *State v. Hassan*, 2013 ME 98, ¶ 33, 82 A.3d 86 (quotation marks omitted)

[¶13]  Here, the statement that "science doesn't lie" was isolated, was not initially objected to, and did not involve vouching for a particular witness. *See Dolloff*, 2012 ME 130, ¶ 42, 58 A.3d 1032.  Most important, the prosecutor never argued that Michaud was lying.  *Cf. State v. Smith*, 456 A.2d 16, 17-18 (Me. 1983) (involving several prosecutorial statements that the defendant was lying).  Viewed in context, the prosecutor's statement was part of a proper argument designed to highlight discrepancies in the evidence to appropriately address witness credibility.  *See State v. Skarbinski*, 2011 ME 65, ¶ 5, 21 A.3d 86.  The prosecutorial comment did not result in obvious error, and the court did not abuse its discretion in denying the motion for a new trial.  *See Daluz*, 2016 ME 102, ¶ 50, 143 A.3d 800.

The entry is:

Judgment affirmed.

Walter F. McKee, Esq. (orally), and Henry E.M. Beck, Esq., McKee Law, P.A., Augusta, for appellant Yvonne Michaud

Stephanie Anderson, District Attorney, and Meghan E. Connelly, Asst. Dist. Atty. (orally), Portland, for appellee State of Maine

Cumberland County Unified Criminal Docket docket number CR-2016-2146
FOR CLERK REFERENCE ONLY