MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2023 ME 51
Docket:        Pen-22-413
Submitted
  On Briefs:   July 18, 2023
Decided:       August 15, 2023

Panel:         STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, LAWRENCE, and DOUGLAS, JJ.

STATE OF MAINE

v.

DALE M. BRACKETT

DOUGLAS, J.

[¶1]  The State of Maine appeals from a judgment of acquittal of eluding an officer (Class C), 29-A M.R.S. § 2414(3) (2023), entered by the trial court (Penobscot County, *Anderson, J.*) after a jury found Dale M. Brackett guilty of that offense and two misdemeanors—failure to stop for an officer (Class E), 29-A M.R.S. § 2414(2), and criminal speeding (Class E), 29-A M.R.S. § 2074(3) (2023).  The State argues that the trial court erred in concluding that the jury could not rationally have found beyond a reasonable doubt that Brackett operated at "a reckless rate of speed"—a required element of eluding an officer. *Id.* § 2414(3).  Because we agree with the State that the evidence, viewed in the light most favorable to the State, rationally supports the jury's verdict, we

2

vacate the judgment of acquittal and remand for entry of a judgment of conviction and for sentencing.

## I. BACKGROUND

[¶2] Viewing the evidence in the light most favorable to the State, the jury could rationally have found the following facts beyond a reasonable doubt. *See State v. Barnard*, 2001 ME 80, ¶ 10, 772 A.2d 852.

[¶3] On May 17, 2020, at about 10:00 p.m., a corporal of the Dexter Police Department sat in a police cruiser in full uniform in a grocery store parking lot. The corporal observed two motorcycles that did not have working taillights traveling on the roadway beside the parking lot. The corporal watched as the motorcycles turned onto another road. He pursued the two motorcycles to stop them. When he activated the flashing lights on his cruiser, the motorcycles accelerated and were at times too far ahead for the cruiser's camera to capture their position. The motorcycle that Brackett was operating then began to slow while the other motorcyclist drove on. At the top of a hill, as Brackett slowed nearly to a stop, the corporal manually activated his siren, producing two audible tones. Brackett did not stop, but rather turned his motorcycle around, looked at the corporal, said something while moving his head up and down, stuck out his tongue at the corporal, and then drove off in the direction from

which he had come. The corporal turned the cruiser around and, with blue lights and siren fully activated, pursued Brackett, whose motorcycle accelerated sharply. The cruiser's radar unit, which was functioning at the time and was tested by the corporal at the beginning and end of his shift, registered a speed of ninety-three miles per hour as the corporal pursued Brackett, maintaining a safe distance behind him. The corporal had just passed from a fifty-mile-per-hour zone into a thirty-five-mile-per-hour zone at the time he read the radar. Brackett pulled over, and the corporal arrested him, issuing a uniform summons and complaint alleging two misdemeanors—failure to stop for an officer, 29-A M.R.S. § 2414(2), and criminal speeding, 29-A M.R.S. § 2074(3).

[¶4] On November 24, 2021, the State charged Brackett by indictment with those two charges plus a felony charge for eluding an officer, 29-A M.R.S. § 2414(3), alleged as Count 1.[1] The court held a jury trial on April 22, 2022. The State presented the testimony of the corporal who had pursued Brackett and a video recording from the police cruiser. The State rested, and Brackett

---

[1] A criminal complaint had been filed in September alleging those three crimes.

4

moved for a judgment of acquittal as to the charge for eluding an officer. The court denied the motion.[2]

[¶5] Brackett presented the testimony of his nephew, who had noticed that the motorcycle's clutch had issues when he operated it, and a friend who had helped him work on the motorcycle's clutch. Brackett then testified that he had driven as he had because his clutch malfunctioned, making it necessary for him to stop on level ground. He also testified about his experience as a mechanic, motorcycle rider, and racecar driver, and the court admitted his invoice showing the repairs made to the motorcycle after the stop. He denied taunting or sticking his tongue out at the corporal.

[¶6] After the close of evidence and the closing arguments of counsel, the court delivered jury instructions. The court instructed the jury on the elements of eluding an officer and, with respect to the element of a "reckless rate of speed," included an instruction on the meaning of "recklessly" as it pertains to attendant circumstances, using the language of the Maine Criminal Code,

---

[2] In denying the motion, the court said: "I do not believe this is the most reckless one that I've seen, but I think that a rational juror could conclude that the defendant operated at a reckless rate of speed and was trying to get away from the officer."

17-A M.R.S. § 35(3) (2023).[3] Neither party objected to this instruction. The jury returned a verdict finding Brackett guilty of all three charges.

[¶7] On May 2, 2022, Brackett filed a written motion for judgment of acquittal on the charge of eluding an officer. He argued that his speed was not reckless in the circumstances because the weather was clear, there was minimal traffic, he maintained control of the motorcycle, and he was familiar with the road. At the sentencing hearing held on November 14, 2022, Brackett reiterated this argument and added that nobody had been endangered. The court granted the motion without explaining its decision in detail. The court said to Brackett at sentencing, however, "[T]he gist of what you did was not really attempting to elude a police officer in that the recklessness and all of that was minimal at best." The court stated, "I consider this a serious misdemeanor, not a felony."

[¶8] The court sentenced Brackett to thirty days in jail and a $500 fine for failure to stop and imposed an additional $500 fine for criminal speeding.

---

[3] Title 17-A M.R.S. § 35 (2023) provides the following definition of "recklessly" with respect to attendant circumstances: "A person acts recklessly with respect to attendant circumstances when the person consciously disregards a risk that such circumstances exist." *Id.* § 35(3)(B). "[T]he disregard of the risk, when viewed in light of the nature and purpose of the person's conduct and the circumstances known to the person, must involve a gross deviation from the standard of conduct that a reasonable and prudent person would observe in the same situation." *Id.* § 35(3)(C).

6

With the permission of the Attorney General, the State timely filed this appeal. *See* 15 M.R.S. § 2115-A(2), (5) (2023); M.R. App. P. 2B(b)(1).

## II. DISCUSSION

[¶9]  We review a court's "entry of a judgment of acquittal following trial and a jury's finding of guilt to determine whether, viewing the evidence as a whole in a light most favorable to the State, a jury could rationally find beyond a reasonable doubt every element of the offense charged."  *Barnard*, 2001 ME 80, ¶ 10, 772 A.2d 852.

[¶10]  A person commits the crime of eluding an officer "if that person, after being requested or signaled to stop, attempts to elude a law enforcement officer by operating a motor vehicle at a *reckless rate of speed* that results in a high-speed chase between the operator's motor vehicle and a law enforcement vehicle using a blue light and siren."[4]  29-A M.R.S. § 2414(3) (emphasis added). We have interpreted "reckless rate of speed" as used in section 2414(3) *not* to be constrained by the definition of the term "recklessly" in Maine's criminal code, 17-A M.R.S. § 35(3). *See State v. Winchenbach*, 501 A.2d 1282, 1285-86

---

[4]  A "motor vehicle" is "a self-propelled vehicle not operated exclusively on railroad tracks." 29-A M.R.S. § 101(42) (2023).  A "law enforcement officer" is "a person who by virtue of public employment is vested by law with a duty to maintain public order or to make arrests for crimes, whether that duty extends to all crimes or is limited to specific crimes."  *Id.* § 101(30); *see also* 30-A M.R.S. § 2671(2) (2023) (establishing the power of municipal police officers to "serve criminal and traffic infraction processes and arrest and prosecute offenders of the law").

(Me. 1985). In *Winchenbach*, we could "find no reason to ascribe to the [L]egislature an intent to use the identical meaning in both very different contexts" and found "no error in the court's failure to give the jury a specific definition of the commonplace term 'reckless rate of speed.'" *Id* at 1286*.* In contrast to the Criminal Code, which uses an adverb to describe a manner of acting, "the eluding-an-officer statute . . . uses the adjective 'reckless' to describe a rate of speed." *Id*.

[¶11]  Applying section 2414(3), we affirmed a conviction for eluding an officer based in part on competent evidence that the defendant was pursued by two police officers in marked cruisers using blue lights and sirens, and "during the pursuit, [the defendant] was driving at or in excess of sixty-five miles per hour on rural country roads and forty-five miles per hour in town." *State v. Milne*, 2011 ME 83, ¶ 10, 25 A.3d 943.

[¶12]  Although the State now argues that the term "reckless" in section 2414(3) must be viewed independently of the definition of "recklessly" in 17-A M.R.S. § 35(3), we must consider section 35(3) because the court instructed the jury based on that provision without objection.[5]  The jury

---

[5] In its brief, the State characterizes the jury instruction as defective, but it concedes that the issue was not preserved for appellate review and argues that, in any event, the error was harmless. Although we held in *State v. Winchenbach* that an instruction on the Maine Criminal Code's definition

therefore found that Brackett had, in driving at the speed that he did, "consciously disregard[ed] a risk" in a way that "involve[d] a gross deviation from the standard of conduct that a reasonable and prudent person would observe in the same situation." 17-A M.R.S. § 35(3)(B), (C). The record supports this finding because the corporal testified that Brackett was operating his motorcycle, at night, at a rate exceeding ninety miles per hour in zones where the speed limits were posted at fifty and thirty-five miles per hour. *See Milne*, 2011 ME 83, ¶ 10, 25 A.3d 943.

[¶13] Applying the common meaning of the term "reckless," consistent with the instruction delivered in *Winchenbach*, 501 A.2d at 1285-86, would not affect the jury's verdict. Common definitions of "reckless" include "careless; heedless"; "not regarding consequences; headlong and irresponsible; rash," *Reckless*, *Webster's New World College Dictionary* (5th ed. 2016); or "[a]cting or done with a lack of care or caution; careless or irresponsible," *Reckless*, *American Heritage Dictionary of the English Language* (5th ed. 2016). These definitions are less exacting than the Criminal Code definition of "recklessly" upon which the jury was instructed. *See* 17-A M.R.S. § 35(3)(B), (C). By finding that Brackett, in speeding as he did, "consciously disregard[ed] a risk" in a way

---

of "recklessly" was not required, we did not hold that a judgment must be vacated if a trial court *does* deliver such an instruction. 501 A.2d 1282, 1285-86 (Me. 1985).

that "involve[d] a gross deviation from the standard of conduct that a reasonable and prudent person would observe in the same situation," *id.*, the jury necessarily also found that the speed at which he was operating was "careless," "irresponsible," or "done with a lack of care or caution," the ordinary meaning of the term "reckless," *Reckless*, *Webster's New World College Dictionary*; *Reckless*, *American Heritage Dictionary of the English Language*.

[¶14]  Viewing all the evidence—including Brackett's speed, which was forty-three to fifty-eight miles per hour above the posted speed limit—in the light most favorable to the State, the jury could rationally find beyond a reasonable doubt that Brackett, "after being requested or signaled to stop, attempt[ed] to elude a law enforcement officer by operating a motor vehicle at a reckless rate of speed that result[ed] in a high-speed chase between the operator's motor vehicle and a law enforcement vehicle using a blue light and siren."  29-A M.R.S. § 2414(3).

The entry is:

> Judgment of acquittal on Count 1, eluding an officer, vacated.  Remanded for entry of a judgment of conviction and sentencing on Count 1.

R. Christopher Almy, District Attorney, and Mark A. Rucci, Asst. Dist. Atty., Prosecutorial District V, Bangor, for appellant State of Maine

Dale M. Brackett did not file a brief

Penoboscot Unified Criminal Docket docket number CR-2020-20241
FOR CLERK REFERENCE ONLY